CHARLES GRAVES, EMPLOYEE-PLAINTIFF v. ABC ROOFING COMPANY, AND TRAVELERS INSURANCE CO., CARRIER-DEFENDANTS

No. 8110IC335

(Filed 15 December 1981)

**Master and Servant § 83— workers' compensation policy—failure of insurance company to effectively cancel**

The Industrial Commission erred in concluding that TIFCO, a financing company, and Travelers, an insurance company, complied with N.C.G.S. § 58-60 and effectively cancelled defendant's workers' compensation policy. TIFCO failed to follow the procedure of first submitting a written notice to the owner of defendant company of its intent to cancel at a date not sooner than ten days and advising of his right to cure any default, and then following that notice period submitting a written request to Travelers for cancellation with a copy to defendant company's owner.

APPEAL by employee-appellant from an Opinion and Award for the Full Commission of the North Carolina Industrial Commis-

sion filed 16 November 1980, holding that Travelers Insurance Co. was not the carrier on the risk in this case. Heard in the Court of Appeals 11 November 1981.

On 29 August 1978, Charles Graves was injured while working for ABC Roofing Company. At the hearing before Deputy Commissioner Denson on 17 and 23 August 1980, the parties stipulated that they were subject to the provisions of the Worker's Compensation Act, that an employer-employee relationship existed between Graves and ABC, and that Graves' average weekly wage was $200.00.

Deputy Commissioner Denson and the Full Commission found that Graves sustained an injury by accident arising out of and in the course of his employment. The sole issue was whether Travelers had properly cancelled a worker's compensation insurance policy issued to ABC so that coverage under the policy was not in effect at the time of the accident.

Deputy Commissioner Denson, after hearing testimony from the parties, concluded that Travelers had not effectively cancelled the policy pursuant to N.C. Gen. Stat. § 97-99 and was therefore the carrier on risk.

Upon appeal by Travelers, the Full Commission held in a 2-1 decision that TIFCO, the financing company, and Travelers had complied with N.C. Gen. Stat. § 58-60, that Travelers had cancelled in accord with the financing agreement, and that Travelers was not the carrier on risk. Employee-appellant appeals herein the decision by the Full Commission.

*Tharrington, Smith & Hargrove by Steven L. Evans for the employee-appellant.*

*Gene Collinson Smith for the carrier-appellee.*

MARTIN (Robert M.), Judge.

We need only consider the appellant's second assignment of error that TIFCO and Travelers failed to effectively cancel the policy so that Travelers should be the carrier on the risk. We agree with the appellant.

N.C. Gen. Stat. § 58-60 requires:

When an insurance premium finance agreement contains a power of attorney or other authority enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions:

(1) Not less than 10 days' written notice be mailed to the last known address of the insured or insureds shown on the insurance premium finance agreement of the intent of the insurance premium finance company to cancel his or their insurance contract or contracts unless the defaulted installment payment is received. A notice thereof shall also be mailed to the insurance agent.

(2) After expiration of such period, the insurance premium finance company shall mail the insurer a request for cancellation, including a copy of the power of attorney, and shall mail a copy of the request for cancellation to the insured at his last known address as shown on the insurance premium finance agreement.

(3) Upon receipt of a copy of such request for cancellation notice by the insurer or insurers, the insurance contract shall be cancelled with the same force and effect as if the aforesaid request for cancellation had been submitted by the insured himself, without requiring the return of the insurance contract or contracts.

Although it is difficult to identify and reconstruct chronologically the specific steps taken by TIFCO and Travelers to attempt to cancel the worker's compensation policy, the following chain of events appears from the testimony of Charles Williams for Travelers and from the supporting documents offered by Travelers:

(1) Travelers first received oral notice from TIFCO on 19 June 1978 requesting cancellation.

(2) On 22 June 1978, Charles Williams, senior account analyst for Travelers, mailed a notice of cancellation to William Glover,

owner and operator of ABC, such notice indicating a cancellation date of 17 June 1978.

(3) Written notice from TIFCO requesting cancellation did not come to Travelers until sometime in July 1978.

(4) Although Mr. Glover denies receiving such notice of cancellation, the Notice of Cancellation allegedly mailed by TIFCO to Mr. Glover bears a mailing date of 12 June 1978 and identifies the effective date of cancellation as 17 June 1978, five days later.

(5) When Travelers' notice of cancellation was issued on 22 June 1978, to be effective 17 June 1978, it did not have a written request for cancellation from TIFCO, nor did Travelers have any indication in its file that TIFCO had given notice to Mr. Glover.

TIFCO failed to follow the procedure of first submitting a written notice to Mr. Glover of its intent to cancel at a date not sooner than ten days and advising of his right to cure any default, and then following that notice period submitting a written request to Travelers for cancellation with a copy to Mr. Glover. Thus the Commission erred in concluding that TIFCO and Travelers complied with N.C. Gen. Stat. § 58-60 and effectively cancelled the workers' compensation policy.

For the foregoing reasons the opinion of the Industrial Commission is

Reversed.

Judges WEBB and WELLS concur.