GOVERNMENT EMPLOYEES INSURANCE COMPANY, PLAINTIFF-APPELLEE v. NEW SOUTH INSURANCE COMPANY, DEFENDANT-APPELLANT

No. COA94-1028

(Filed 1 August 1995)

1. **Insurance § 627 (NCI4th)— insurance premium finance company—ineffective cancellation of policy**

An insurance premium finance company did not satisfy the requirements of N.C.G.S. § 58-60(2) and therefore did not effectively cancel an automobile insurance policy written by defendant insurer, since the company failed to mail defendant insurer a request for cancellation, including a copy of the power of attorney, and to mail a copy of the request for cancellation to the insured. N.C.G.S. § 58-60.

**Am Jur 2d, Automobile Insurance §§ 36 et seq.**

2. **Insurance § 907 (NCI4th)— existence of coverage under insurance policy—genuine controversy—plaintiff's standing to sue**

Since plaintiff, as an uninsured motorist carrier, sought to avoid defending an action by bringing suit for a declaratory judg-

ment that coverage was provided by the policy issued by defendant at the time of the accident in question, a genuine controversy existed, and plaintiff therefore had standing to bring this action.

**Am Jur 2d, Insurance §§ 1894 et seq.**

Appeal by defendant from judgment entered 19 July 1994 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 May 1995.

*Kennedy Covington Lobdell & Hickman, L.L.P., by F. Fincher Jarrell, for plaintiff-appellee.*

*Golding, Meekins, Holden, Cosper & Stiles, by Paul R. Dickinson, Jr., for defendant-appellant.*

WALKER, Judge.

On 15 July 1989, a Datsun automobile owned by Karen Geiser was involved in a collision with an automobile owned and operated by Glenn Martin, who died as a result of injuries from the accident. Karen Geiser, Lisa Gieser and Shirley Pearson were occupants of the Datsun and were injured. In July 1992 they filed separate suits against the Adminstrator of the Estate of Glenn Martin.

At the time of the accident, plaintiff Government Employees Insurance Company had in effect an automobile liability insurance policy issued to Karen Geiser on her Datsun which included uninsured motorists coverage. Plaintiff was served in the above suits in its capacity as uninsured motorist carrier and is defending the suits as an unnamed party. Defendant New South Insurance Company, which issued a personal automobile policy no. 2656237 to Martin for the period of 28 April 1989 to 28 October 1989, refused to defend these suits, contending that it had effectively cancelled the insurance policy on 25 June 1989 pursuant to N.C. Gen. Stat. § 58-60 (1988 Cum. Supp.).

In order to avoid defending the suits as an uninsured motorist carrier, plaintiff brought this action seeking a declaratory judgment that defendant affords liability insurance coverage under policy no. 2656237 in connection with this accident. Plaintiff argued that defendant did not comply with the requirements of N.C. Gen. Stat. § 58-60 and thus the policy was not cancelled as of 15 July 1989. Both parties moved for summary judgment and the trial court allowed plaintiff's motion and entered a judgment declaring that defendant

provides liability coverage under policy no. 2656237 with respect to these claims.

**[1]** The main issue in this appeal is whether or not defendant effectively cancelled policy no. 2656237. Martin financed the policy premium through Salem Underwriters, Inc. under a premium finance agreement in which he appointed Salem Underwriters his attorney-in-fact with authority to cancel the policy. When Martin failed to make any premium payments, Salem Underwriters purported to cancel the policy. The procedure which an insurance premium finance company must follow in order to effectively cancel an insurance contract where its agreement authorizes it to do so is set forth in N.C. Gen. Stat. § 58-60 (1988 Cum. Supp.) which provides, in pertinent part:

> When an insurance premium finance agreement contains a power of attorney or other authority enabling the insurance premium finance company to cancel any insurance contract . . . listed in the agreement, the insurance contract . . . shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions: (1) Not less than 10 days' written notice be mailed to the last known address of the insured . . . of the intent of the insurance premium finance company to cancel his or their insurance contract or contracts unless the defaulted installment payment is received. A notice thereof shall also be mailed to the insurance agent.

> (2) After expiration of such period, the insurance premium finance company shall mail the insurer a request for cancellation, including a copy of the power of attorney, and shall mail a copy of the request for cancellation to the insured. . . .

> (3) Upon receipt of a copy of such request for cancellation notice by the insurer, the insurance contract shall be cancelled with the same force and effect as if the aforesaid request for cancellation had been submitted by the insured himself. . . .

*See Graves v. ABC Roofing Co.*, 55 N.C. App. 252, 255, 284 S.E.2d 718, 719 (1981) (holding that Industrial Commission erred in concluding that N. C. Gen. Stat. § 58-60 had been complied with and that workers' compensation policy had thus been effectively cancelled). "[T]he burden is upon the insurance company to show that all statutory requirements have been complied with, including the ten days written notice by the premium finance company to the insured together with said notice to the insurance agent, prior to the premium financing

company requesting cancellation of the policy." *Grant v. Insurance Co.*, 1 N.C. App. 76, 80, 159 S.E.2d 368, 371, *cert. denied*, 273 N.C. 657 (1968).

It is undisputed that Salem Underwriters mailed the insured a ten days' written notice of intent to cancel in compliance with N.C. Gen. Stat. § 58-60(1) and that when no payments were received, Salem Underwriters mailed a letter to the insured which was entitled "Notice of Cancellation," was dated 19 June 1989, and showed that a copy was sent to defendant. The letter indicated that the policy would be cancelled as of 25 June 1989. Plaintiff argued below that Salem Underwriters failed to satisfy the procedural requirements set forth in N.C. Gen. Stat. § 58-60(2) because the letter: (1) was entitled "Notice of Cancellation" instead of "Request for Cancellation," (2) did not include a copy of the power of attorney, and (3) was addressed to the insured instead of defendant.

Defendant argues that Salem Underwriters satisfied the procedural requirements set forth in N.C. Gen. Stat. § 58-60(2) and thus summary judgment should have been granted in its favor. In particular, defendant argues that N.C. Admin. Code tit. 11, r. 13.0318 (effective 1 May 1989-31 August 1991), expressly requires that "[t]he notice of cancellation as described in General Statute 58-60(2) . . . shall have in bold print at its top the wording "Notice of Cancellation." Defendant further argues that the fact that Salem Underwriters addressed the letter to the insured instead of defendant and that Salem Underwriters failed to enclose a copy of the power of attorney is insignificant since a copy of the letter was mailed to defendant and defendant already had a copy of the power of attorney on file. While it appears that Salem Underwriters did comply with the regulation's requirement that the notice have the wording "Notice of Cancellation" in bold print at the top, we nonetheless find that Salem Underwriters did not comply with the statute's requirements since it failed to "mail the insurer a request for cancellation, including a copy of the power of attorney, and [to] mail a copy of the request for cancellation to the insured" and thus affirm summary judgment for plaintiff. *See Unison Ins. Co. v. Goodman*, 117 N.C. App. 454, 457, 451 S.E.2d 4, 6 (1994) (where premium finance company sent request for cancellation to the insurance company, policy deemed cancelled as of the date the insurance company received request for cancellation).

[2] Defendant also argues that plaintiff did not have the requisite standing by which to bring this cause of action. This argument is with-

out merit. A declaratory judgment action may be brought to determine whether coverage exists under an insurance policy. *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 522, 369 S.E.2d 128, 129 (1988). "Questions involving the liability of an insurance company under its policy, in cases where a genuine controversy exists, are a proper subject for a declaratory judgment." *Nationwide Mut. Ins. Co. v. Surety Co.*, 1 N.C. App. 9, 12, 159 S.E.2d 268, 271 (1968). In *Nationwide*, this Court found that a genuine controversy exists where plaintiff insurance company seeks a determination that coverage is not provided under its policy and is instead provided under policies issued by defendant insurance companies. *Id.* Since Government Employees Insurance Company, as an uninsured motorist carrier, seeks to avoid defending an action by bringing suit for a declaratory judgment that coverage was provided by the policy issued by defendant at the time of the accident in question, we find that a genuine controversy exists.

The judgment of the trial court holding that policy no. 2656237 was in full force and effect at the time of the accident and thus had not been cancelled is

Affirmed.

Judges COZORT and JOHN concur.