■ THOMAS WHITE, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [644 NYS2d 590] —Peters, J.

On July 3, 1992, an incident occurred outside a bar in the Town of Queensbury, Warren County, in which plaintiff sustained severe injuries when he was struck by a pickup truck driven by Greta Worth. Worth ultimately pleaded guilty to three counts of reckless assault in the second degree stemming from this incident. On April 8, 1993 defendant, Worth's auto liability insurer, sent Worth a notice disclaiming any liability which might arise from the incident based upon a provision in her policy which excludes coverage for bodily injury caused by the insured's intentional acts.

On April 29, 1993, plaintiff commenced an action against Worth alleging negligence.* Plaintiff thereafter commenced this action seeking a declaratory judgment that defendant owes a duty to defend and indemnify Worth in the underlying negligence action. Defendant sought the dismissal of the complaint contending, *inter alia,* that plaintiff failed to join Worth as a necessary party or that summary judgment should be granted since it appropriately disclaimed coverage under the exclusion clause of Worth's policy. Supreme Court granted defendant's motion finding that since Worth caused plaintiff's injuries by her intentional act, defendant had no duty to defend or indemnify her pursuant to the terms of the policy. Plaintiff appeals and we affirm on different grounds.

Declaratory judgments are an effective device to determine whether an insurer is obligated to defend or indemnify an insured for liability arising from a particular incident (*see,* Siegel, NY Prac § 437, at 665 [2d ed]; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.22; *see also, DiGregorio v Alix,* 230 NYS2d 301; *Curreri v Allstate Ins. Co.,* 37 Misc 2d 557). "[R]ecognizing that the person most interested in this dispute is the injured person, [a declaratory judgment action] may be brought by the injured person against both [the insured and the insurer]" (Siegel, NY Prac § 437, at 665 [2d ed]).

As we have stated, "[a] declaratory judgment serves a legitimate purpose only when all interested persons who might be affected by the enforcement of rights and legal relations are parties" (*Matter of J-T Assocs. v Hudson Riv.—Black Riv. Regulating Dist.,* 175 AD2d 438, 440). Since this declaratory judgment action seeks to determine whether defendant has a duty to defend and indemnify Worth and since Worth's rights are inextricably tied to the resolution of this dispute, here both the insured and the insurer are necessary parties (*see,* CPLR 1001 [a]; *Newsom v Republic Fin. Servs.,* 130 Misc 2d 780; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:10, at 439). Accordingly, this action should be dismissed on the ground raised by defendant both before Supreme Court and on appeal: "[a] court may and ordinarily must refuse to render a declaratory judgment in the absence of necessary parties" (*Matter of J-T Assocs. v Hudson Riv.—Black Riv. Regulating Dist., supra,* at 440; *see, Wood v City of Salamanca,* 289 NY 279; *see also, Sincerbeaux v Nationwide Mut. Fire Ins. Co.,* 206 AD2d 907; *Hershberger v Schwartz,* 198 AD2d 859; *Mount Vernon Fire Ins. Co. v NIBA Constr.,* 195 AD2d 425).

---

* It appears from this record that plaintiff's underlying negligence action against Worth is still pending.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.