**COMMUNITY ACTION OF GREATER INDIANAPOLIS, INC., Appellant–Plaintiff,**

v.

**INDIANA FARMERS MUTUAL INSURANCE COMPANY, Appellee–Defendant.**

No. 49A02–9809–CV–734.

Court of Appeals of Indiana.

April 7, 1999.

**OPINION**

DARDEN, Judge

### STATEMENT OF THE CASE

Community Action of Greater Indianapolis, Inc., ("Community"), appeals the trial court's dismissal of its complaint as to Indiana Farmers Mutual Insurance Company, ("Farmers").

We reverse and remand.

### ISSUE

Whether the trial court erred in dismissing Community's complaint as to Farmers.

### FACTS

In April 1996, Community contracted with Wahid Abdullah and Milton Salim, doing business as Best For Less Home Improvement, for the installation of a new roof on Community's office building in the 2400 block of North Meridian Street in Indianapolis. Subsequently, Best For Less contracted with Darrell Lakes to actually perform the roofing work. Lakes had a commercial general liability insurance policy with Farmers in effect at this time.

At the end of the work day on April 18, 1996, the roofing work was only partially complete. The contractors knew that a heavy rain was in the forecast and attempted to secure the building. That evening, however, the building was flooded by rain, and Community sustained approximately $170,-000.00 in property damage. On April 15, 1997, Farmers advised Lakes that it would not indemnify him in this matter. On February 20, 1998, Community filed a complaint for damages in Marion Superior Court Number 11 against Best For Less, Lakes and Farmers. Count V of the complaint, the only count against Farmers, sought a declaratory judgment pursuant to Ind.Code 34–4–10–1 et seq. declaring that "Lakes [was] entitled to indemnity from [Farmers] against the claims of ... Community asserted in this action." (R. 25).[1]

Donald D. Levenhagen, Hull Fulwider McDowell Funk & Matthews, P.C., Indianapolis, Indiana, Attorney for Appellant.

Charles T. Jennings, Eileen J. Sims, Jennings Taylor Wheeler & Bouwkamp, P.C., Carmel, Indiana, Attorneys for Appellee.

1. The original complaint is not in the record. For our purposes, an amended complaint which is in the record is identical to the original.

On April 14, 1998, Farmers filed a motion to dismiss Count V of Community's complaint pursuant to Ind. Trial Rule 12(B)(6).[2] Specifically, Farmers' motion alleged that:

7. Pursuant to longstanding Indiana law first expressed in *Bennet [Bennett] v. Slater* [154 Ind.App. 67], 289 N.E.2d 144 (Ind. App.1972), a party may not pursue a claim based on the actions of an insured directly against the insurer. . . .

8. Because Indiana law precludes this action brought by Community Action of Greater Indianapolis, Inc. directly against Indiana Farmers, Count V of Plaintiff's Complaint for Damages is legally insufficient.

9. Plaintiff is attempting to bootstrap itself into standing as an insured without any basis to do so.

10. Pursuant to Ind. Trial Rule 12(B)(6) which allows dismissal for failure to state a claim upon which relief may be granted, and Ind. Trial Rule 12(F), Count V of Plaintiff's Complaint for Damages should be stricken and Indiana Farmers dismissed as a party because no legally sufficient claim exists between Plaintiff and Indiana Farmers arising out of Plaintiff's Complaint for Damages.

(R. 7–8). The trial court granted Farmers' motion and dismissed Count V with prejudice on June 30, 1998. It is from this dismissal that Community appeals.

### DECISION

Community argues that the trial court erred in granting Farmers' motion to dismiss Community's declaratory judgment action against Farmers. We agree.

■ The power of the trial court to render declaratory relief is set forth in the Uniform Declaratory Judgments Act, Ind. Code 34–4–10–1 *et seq.* ("the Act"). *Town of Munster v. Hluska,* 646 N.E.2d 1009, 1012 (Ind.Ct.App.1995). A primary requirement of the Act is that the plaintiffs must demonstrate that they have standing for the relief requested. *Town of Munster,* 646 N.E.2d at

1012. "In order to obtain declaratory relief, the person bringing the action must have a substantial present interest in the relief sought, not merely a theoretical question or controversy but a real or actual controversy or at least the 'ripening seeds of such a controversy,' and that a question has arisen affecting such right which ought to be decided in order to safeguard such right." *Town of Munster,* at 1012 (quoting *Morris v. City of Evansville,* 180 Ind.App. 620, 390 N.E.2d 184, 186 (1979)).

■ Here, Community contends that it "clearly had standing to pursue a declaratory judgment action against defendant Insurance Company to determine the coverage owed to its insured, defendant Lakes." Community's Brief, p. 6. Community fails to cite, and we fail to find, any Indiana case law on this issue. However, Community does direct us to *Bankers Trust Company v. Old Republic Insurance Company,* 959 F.2d 677 (7th Cir. 1992), and *Truck Insurance Exchange v. Ashland Oil, Inc.,* 951 F.2d 787 (7th Cir. 1992), as instructive.

In the *Bankers Trust* case, Bankers Trust made a large loan in alleged reliance on appraisals of the borrower's oil and gas reserves by Lee A. Keeling and Associates, Inc. ("LKA"). The borrower defaulted and Bankers Trust lost $30 million. Bankers Trust sued LKA alleging that the latter had negligently overestimated the borrower's reserves. Subsequently, Old Republic Insurance Company, which had issued a liability insurance policy to LKA, filed suit to rescind the policy. The following year, Bankers Trust filed a declaratory judgment action against Old Republic wherein it asked the court to declare that if Bankers Trust won a judgment against LKA, Old Republic would have to indemnify LKA to the limits of its policy. The trial court found that until it obtained a judgment against LKA, Bankers Trust would have no actual "controversy" with LKA's insurer within the meaning of Article III of the United States Constitution

---

**2.** Later that month, Farmers filed its own complaint for declaratory judgment against Lakes in Marion County Superior Court Number 10 seeking a declaration of no coverage. In August 1998, Farmers amended its complaint to add Community as a defendant.

and dismissed the case.[3]

Bankers Trust appealed, and Judge Posner, writing for the Seventh Circuit United States Court of Appeals, noted that Article III requires only a "probabilistic" injury. *Id.* at 681. Judge Posner further explained as follows:

> An ironclad rule that the insured's victim can never bring suit against the insurer unless he has a judgment against the insured would be equally inappropriate. For suppose that the day after the accident in which the victim was injured, and therefore long before he could feasibly bring a tort suit, let alone obtain a judgment, the insurer declared the liability insurance policy void; and suppose the insured had no other assets. Then a tort suit would be worthless unless the insured's victim could obtain a declaration that the policy was valid after all. Must the victim go to the expense of prosecuting to judgment a tort suit that will be completely worthless unless the policy is declared valid? Or does not the victim have sufficient interest in the policy to proceed simultaneously, on both fronts, against insured and insurer, or even against the latter first if less preparation is necessary for that suit? If, after the accident, the insured had stopped paying his insurance premiums, so that the policy was in danger of lapsing, the victim could step in and pay the premiums in his place to keep the policy alive. *Truck Insurance Exchange v. Ashland Oil, Inc.,* *supra,* 951 F.2d at 789; 12A *Couch on Insurance* § 45.897 (rev. ed.1981). This shows that the victim of an insured's tort, even though he is not a third-party beneficiary of his insurer's insurance policy, has a legally protectable interest in that policy before he has reduced his tort claim to judgment (but only after he has been injured). Such an interest is all one needs to bring a dispute that seriously threatens it within the scope of Article III.

*Id.* at 682. Accordingly, the Seventh Circuit reversed and remanded the case to the trial court.

In *Truck Insurance Exchange,* the Seventh Circuit stated as follows:

> Although an insured's tort victim cannot (except in direct action states) sue the insurance company directly, he has a legal right to protect his potential interest in the policy, for example by paying the insurance premiums to make sure the policy doesn't lapse. That right is conferred in recognition that a tort victim has a practical, albeit only a potential, financial interest in the tortfeasor's insurance policy, and the impairment of such an interest will support standing under Article III.

*Truck Insurance Exchange,* 951 F.2d at 789.

We find the reasoning in the preceding cases to be persuasive. The Act has been declared to be remedial in nature. Ind.Code 34–4–10–12; *Volkswagenwerk, A.G. v. Watson,* 181 Ind.App. 155, 390 N.E.2d 1082, 1085 (1979). Its purpose is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations...." I.C. 34–4–10–12; *Volkswagenwerk.* We hold that in Indiana, the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment. Such an interest will support standing under the Act. Accordingly, Community, a victim of Lakes' alleged tort, has standing to bring this declaratory judgment action against Farmers.

Our decision today is consistent with decisions from other jurisdictions. *See e.g. White v. Nationwide Mutual Insurance Company,* 228 A.D.2d 940, 644 N.Y.S.2d 590, 591

---

**3.** Article III of the United States Constitution limits the power of the federal judiciary to the resolution of "cases" and "controversies." *Foster v. Center Township of LaPorte County,* 798 F.2d 237, 240 (7th Cir.1986). In its constitutional dimension, the issue of a party's standing is a component of the case or controversy analysis, and, thus, bears on the power of a court to entertain the party's complaint. *Id.* at 241. On the other hand, the Indiana Constitution does not impose or contain any similar jurisdictional restraints upon the Indiana courts. *In the Matter of Lawrance,* 579 N.E.2d 32, 37 (Ind.1991). However, the standing requirement in Indiana does mandate that courts act in real cases in which the complaining party has a demonstrable injury. As a result, in our application of the standing requirement, we have utilized the functional equivalent of the federal requirement. *See Pence v. State,* 652 N.E.2d 486 (Ind.1995).

(N.Y.App.Div.1996)("Declaratory judgments are an effective device to determine whether an insurer is obligated to defend or indemnify an insured for liability arising from a particular accident."); *Government Employees Insurance Company v. New South Insurance Company*, 119 N.C.App. 700, 459 S.E.2d 817, 819 (1995)("A declaratory judgment action may be brought to determine whether coverage exists under an insurance policy."); *National Security Fire and Casualty Company v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992); *Reagor v. Travelers Insurance Company*, 92 Ill.App.3d 99, 47 Ill. Dec. 507, 415 N.E.2d 512 (1980). *But see Farmers Insurance Exchange v. District Court for the Fourth Judicial District*, 862 P.2d 944 (Colo.1993)(plaintiff lacks standing to bring declaratory action against defendant's insurance company before obtaining judgment against defendant).

■ Further, our result is not, as Farmers argues, contrary to this state's policy of prohibiting direct actions against an insurer where the injured party had no relationship with the insurer. *See Bennett v. Slater*, 154 Ind.App. 67, 289 N.E.2d 144 (1972). Where the plaintiff is not suing the insurance company to establish that its insured committed a tort against the plaintiff, but rather is suing to establish whether the insurer can deny coverage or whether the insurance policy remained in effect, such suit is not a direct action suit against an insurer. *Bankers Trust*, 959 F.2d at 682. Farmers' argument is therefore unpersuasive.

Because Community has standing to bring an action for declaratory judgment against Lakes' insurer Farmers to determine whether coverage exists under Lakes' insurance policy, the trial court erred in granting Farmers' motion to dismiss. We therefore

4. Farmers points to its April 1998 complaint for declaratory judgment against Lakes filed in Marion Superior Court 10 and argues that if we overturn the trial court's decision dismissing Indiana Farmers from the Community suit, two suits litigating essentially the same issues will be pending before two different trial courts. . According to Farmers, "[t]his result is inadvisable." Farmers' Brief, p. 17. However, Community

reverse and remand this case to the trial court.[4]

RUCKER, J., and SULLIVAN, J., concur.

correctly points out that because its complaint was filed first, a reversal in this case would subject Farmers' later filed action to dismissal pursuant to Ind. Trial Rule 12(B)(8). *See Crawfordsville Apartment Company v. Key Trust Company of Florida*, 692 N.E.2d 478 (Ind.Ct.App. 1998). Farmers' argument is therefore unpersuasive.