# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**442**

**CA 14-01751**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

JEFFREY CONSTANTINE, M.D.,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STELLA MARIS INSURANCE COMPANY, LTD., CATHOLIC
HEALTH EAST, CATHOLIC HEALTH SYSTEM, DOING
BUSINESS AS SISTERS OF CHARITY HOSPITAL,
DEFENDANTS-APPELLANTS-RESPONDENTS,
MARY SERIO AND NICHOLAS SERIO, AS PARENTS AND
NATURAL GUARDIANS OF NICOLE SERIO, AN INFANT,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

PHILLIPS LYTLE LLP, BUFFALO (KENNETH A. MANNING OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT STELLA MARIS INSURANCE COMPANY, LTD.

ZDARSKY, SAWICKI & AGOSTINELLI, LLP, BUFFALO (DAVID E. GUTOWSKI OF
COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS CATHOLIC HEALTH EAST
AND CATHOLIC HEALTH SYSTEM, DOING BUSINESS AS SISTERS OF CHARITY
HOSPITAL.

THE TARANTINO LAW FIRM, LLP, BUFFALO (TAMSIN J. HAGER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeals and cross appeals from an order of the Supreme Court,
Erie County (Joseph R. Glownia, J.), entered January 10, 2014. The
order denied the respective motions and cross motion of the parties
for summary judgment.

It is hereby ORDERED that said cross appeal by defendants Mary
Serio and Nicholas Serio is unanimously dismissed and the order is
affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a
declaration that he is a "covered person" under a liability policy
issued by defendant Stella Maris Insurance Company, Ltd. (SMI). As we
explained in a prior appeal (*Constantine v Stella Maris Ins. Co.,
Ltd.*, 97 AD3d 1129), "SMI is a single-parent captive insurance company
doing business in the Cayman Islands. Its sole shareholder,
[defendant] Catholic Health East (CHE), a not-for-profit Pennsylvania
corporation . . . , has a joint operating agreement with [defendant]

Catholic Health System, [doing business as Sisters of Charity Hospital (hereafter, Sisters Hospital)] . . . in Buffalo. CHE and its affiliates, including [CHS] and, in turn, Sisters Hospital, are named as 'covered persons' in the professional liability policy issued by SMI to CHE. In the underlying medical malpractice action, defendant Nicholas Serio alleges medical malpractice by, inter alia, plaintiff in connection with the birth of his daughter at Sisters Hospital. Plaintiff commenced this action seeking a declaration that SMI is obligated to indemnify him in connection with the underlying medical malpractice action" (*id.* at 1130).

SMI moved for summary judgment dismissing the complaint against it, alleging that plaintiff failed to provide timely notice pursuant to the provisions of the policy and that plaintiff is not a covered person under the policy because he was not employed by Sisters Hospital and he was not acting under his contract as an on-call physician when he was the attending physician at the labor and delivery. Plaintiff cross-moved for summary judgment with respect to the declaration sought in the complaint, asserting that the policy is ambiguous and must therefore be construed against SMI. Defendants Mary Serio and Nicholas Serio supported plaintiff's cross motion. CHE and Sisters Hospital moved for summary judgment dismissing the complaint and all cross claims against them on the ground that they are not insurers and thus there is no justiciable controversy between plaintiff and them. Supreme Court denied the respective motions and cross motion. SMI, CHE and Sisters Hospital appealed, and plaintiff cross-appealed. As a preliminary matter, we note that, although Mary Serio and Nicholas Serio also cross-appealed, they are not aggrieved by the order and thus their cross appeal is dismissed (*see* CPLR 5511).

We also note as a preliminary matter that the policy provides that its provisions are to be governed by Pennsylvania law. In addition, SMI contends that this declaratory judgment action is premature because the indemnification policy provides that no action shall lie against it until liability is established by judgment or settlement and, here, plaintiff's liability has not been determined in the underlying medical malpractice action. We agree with plaintiff that Pennsylvania law permits a declaratory judgment action regarding insurance coverage prior to a determination of liability (*see Foster v Mutual Fire, Marine & Inland Ins. Co.*, 154 Pa Commw 356, 360-361, 623 A2d 928, 930, *affd sub nom. Maleski v Evanston Ins. Co.*, 535 Pa 516, 636 A2d 627; *see also Eureka Fed. Sav. & Loan Assn. v American Cas. Co. of Reading, Pa.*, 873 F2d 229, 231 [9[th] Cir 1989]).

We reject the contention of CHE and Sisters Hospital that the court erred in denying their motion for summary judgment dismissing the complaint and cross claims against them. It is undisputed that CHE and Sisters Hospital are insured as covered persons by SMI. Inasmuch as CHE and Sisters Hospital possess information relevant both to the underlying medical malpractice action and to this declaratory judgment action, and Sisters Hospital is a defendant in the underlying medical malpractice action, we conclude that they are necessary parties to this action (*see generally White v Nationwide Mut. Ins.*

*Co.*, 228 AD2d 940, 941).

We further conclude that the court properly denied SMI's motion based on plaintiff's alleged failure to provide timely notice pursuant to the provisions of the policy. Even assuming, arguendo, that SMI met its initial burden, we conclude that plaintiff raised an issue of fact sufficient to defeat the motion on that ground (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff asserted in an affidavit that he was unaware of the existence of the policy until SMI commenced a declaratory judgment action in federal court in 2010. Plaintiff also provided an excerpt from the deposition testimony of SMI's president and chief executive officer in the underlying medical malpractice action wherein SMI's counsel stated that "there's no issue about notice in this case . . . Notice has absolutely nothing to do with his case." Furthermore, there had been no discovery with respect to the timing of SMI's notice of the "medical incident" pursuant to the policy or notice of plaintiff's claim for excess coverage with respect to his potential liability in the underlying medical malpractice action.

We likewise conclude that there is an issue of fact whether plaintiff is a covered person under the policy, and thus that neither SMI nor plaintiff is entitled to summary judgment in that respect (*see generally id.*). Although the record establishes that plaintiff was not acting either as an employee of Sisters Hospital or as the scheduled on-call physician at the time of the alleged malpractice, we reject SMI's contention that the policy provides liability coverage for plaintiff only in the event that he was acting pursuant to his contract with Sisters Hospital to provide on-call coverage. Instead, we conclude that SMI itself raised an issue of fact whether plaintiff was acting pursuant to the policy provisions and thus is a covered person by providing plaintiff's deposition testimony in the underlying medical malpractice action, wherein he testified that it was a hospital rule that residents be present for the delivery of twins, as was the case here, for purposes of their education and to assist the attending physician (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). It is undisputed that two residents were present during Mary Serio's labor and the delivery of the twins, one of whom is the subject of the underlying action. SMI failed to establish that plaintiff lacked any responsibility with respect to the supervision or proctoring of the residents who were present for the labor and delivery of twins. Plaintiff, however, failed to establish that his contract with Sisters Hospital covers the situation herein, i.e., that he supervised or proctored residents while attending a private patient, or that he supervised or proctored residents who were present pursuant to a rule or policy of Sisters Hospital that residents be present for the delivery of twins for purposes of their education and to assist the attending physician. We conclude that plaintiff's affidavit stating that he provided "necessary supervision" is conclusory and thus is insufficient to establish his entitlement to judgment (*see id.*), and the physicians' affidavits provided by SMI regarding the responsibility of the on-call physician with respect to the residents treating hospital or other non-private patients are not relevant here. Furthermore, we reject plaintiff's contention that the

policy language is ambiguous and thus must be construed against SMI (*see generally 401 Fourth St., Inc. v Investors Ins. Group*, 583 Pa 445, 455, 879 A2d 166, 171).

We have reviewed SMI's remaining contention and conclude that it is without merit.

Entered:  May 1, 2015                         Frances E. Cafarell
                                              Clerk of the Court