Leslie KIMBRELL, Appellant
(Plaintiff Below),

v.

CITY OF LAFAYETTE, Indiana; Ronald Milks, Chief of Police, Lafayette Police Department; Police Merit Board of the City of Lafayette, Indiana; and John Dewenter, Donald Blue, Edward Clark, Thomas L. Brooks, and Robert Cooper, its members, Appellees (Defendants Below).

No. 2–1082A365.

Court of Appeals of Indiana,
Third District.

Aug. 25, 1983.

Jeffrey A. Cooke, Robert S. Laszynski, Cooke, Bache & Moore, Lafayette, for appellant.

Robert L. Bauman, Heide, Gambs & Mucker, Lafayette, for appellees City of Lafayette and Ronald Milks.

Robert C. Reiling, Jr., Dickson, Reiling, Tucker & Withered, Lafayette, for appellee Police Merit Board of the City of Lafayette.

HOFFMAN, Presiding Judge.

Appellant Leslie Kimbrell had been a police officer with the City of Lafayette Police Department for ten years. In November 1980, the internal investigation arm of the LPD received information that certain police officers withheld information con-

cerning the commission of a burglary. An investigation into the matter was begun.

On November 12, 1980, Kimbrell was brought before Lieutenant Leach, head of the Internal Affairs Division of the LPD, for questioning regarding the burglary at issue. The questioning was hostile and stressful to the participants. Kimbrell admitted withholding information about the burglary.

After being questioned Kimbrell discussed the consequences of his admission with the chief of police. Subsequently, Kimbrell resigned from the police force. On December 15, 1980, Kimbrell petitioned the Police Merit Board for review of the proceedings culminating in his resignation. Upon advice and motion of counsel to the Merit Board, Kimbrell's petition was dismissed on the ground the Board lacked jurisdiction to review a police officer's voluntary resignation.

Kimbrell then pursued this matter before a trial court. At trial after Kimbrell had presented his case-in-chief, the defense moved for dismissal of the cause of action pursuant to Ind.Rules of Procedure, Trial Rule 41(B). The motion was granted and this appeal results.

On appeal Kimbrell raises several issues for review which have been renumbered and restated:

(1) whether the decision of the trial court is contrary to law inasmuch as appellant submitted sufficient evidence in support of his burden of proof establishing the "hearing" held on November 12, 1980 violated appellant's rights to due process;

(2) whether the trial court's decision is contrary to law inasmuch as appellant submitted sufficient evidence to satisfy his burden of proof establishing that he was deprived of his right to due process by the Merit Board's dismissal of his petition for review;

(3) whether the trial court's determination that appellant failed to comply with Merit Board rules regarding reinstatement is supported by the evidence; and

(4) whether the decision of the trial court is contrary to law because appellant submitted sufficient evidence supporting his burden of proof establishing that he was deprived of his right to due process by the Merit Board counsel's dual role as advocate and advisor.

Pursuant to the recent amendment to T.R. 41(B), a trial court may weigh the evidence, determine the credibility of witnesses, and decide whether the party with the burden of proof has established a right to relief during the case-in-chief. *See* Supreme Court Committee Note, West's AIC Title 34, Trial Rule 41(B), (Supp.1982). On review this Court will not replace the judgment of the trial court with its own unless clearly erroneous. This standard of review is consistent with the amendment to T.R. 41(B) and review of the trial court's entry of special findings requested by appellant.

■ The purpose of special findings is to provide the parties and the reviewing court with a clear illustration of the theory upon which the case was decided, thus facilitating review of the matter. *Morphew v. Morphew,* (1981) Ind.App., 419 N.E.2d 770. The findings are adequate if they are sufficient to support a valid legal basis for the result reached by the trial court. *Sandoval v. Hamersley,* (1981) Ind.App., 419 N.E.2d 813. Findings made by the trial court are construed together liberally in support of the judgment and will be deemed sufficient if supported by evidence of probative value. *Morphew v. Morphew, supra.* The judgment of the trial court will be upheld if sustainable on any theory, and the findings of fact will not be disturbed unless found to be clearly erroneous. *Bird v. Del. Muncie Metropolitan Plan. Com'n,* (1981) Ind.App., 416 N.E.2d 482. A finding is clearly erroneous when there are no facts or inferences to be drawn therefrom which support the finding. *Indiana Industries, Inc. v. Wedge Products,* (1982) Ind.App., 430 N.E.2d 419.

In the case at bar the trial court made the following findings which are pertinent

to a discussion of the first issue raised by appellant:

> "2. On November 12, 1980, Plaintiff was summoned to Headquarters where he was questioned by Lieutenant Thomas Leach, in the presence of Lieutenant Cooper and Sergeant Eberle, about his knowledge of, and his failure to disclose information relating to a burglary and theft at Country Junction Lounge.
>
> "3. He was informed that Leach, *as Special Services Officer,* was investigating the possible withholding of information by Plaintiff, after Leach obtained information from Carol Cox concerning her participation in the crimes and admissions she had made to Plaintiff.

> \* \* \* \* \* \*

> "5. During the questioning, Plaintiff admitted he had received information about the burglary and theft from Carol Cox, and failed to report it to the Department.
>
> "6. Following the questioning, Plaintiff asked Chief Milks what recommendation he would make to the Lafayette Police Civil Service Commission regarding the matter.

> \* \* \* \* \* \*

> "8. Plaintiff then decided to resign from the Lafayette Police Department and signed and submitted his resignation to Chief Milks." (Emphasis added.)

Based on these findings the trial court reached the following conclusion:

> "1. Plaintiff's decision to resign was *voluntarily* made with *full knowledge of the options available to him.*" (Emphasis added.)

Appellant contends the trial court erred in reaching this conclusion and dismissing his claim. According to appellant the questioning process conducted on November 12, 1980, was an "administrative hearing." Therefore, appellant concludes he was entitled to the benefits of a fair and impartial hearing protecting his due process rights. In support of his position appellant directs the Court to numerous cases holding that parties to administrative hearings before various agencies have a right to due process.

▪ In the case at bar appellant was not a party to an administrative hearing. Rather, appellant was a party to an internal investigation. As admitted by appellant and found by the trial court, this investigative panel could not remove appellant from his position on the police force. The only power this investigative panel had was the ability to "recommend" proceedings be brought by other parties, *i.e.,* the prosecutor's office or the Merit Board, against appellant. Rather than wait and see what recommendation would be made, appellant voluntarily resigned. This resignation was undertaken by appellant with full knowledge of the consequences, as evinced by appellant's act of making the resignation effective at a future date so he could buy out his pension benefits. Thus, the trial court correctly determined appellant does not enjoy the same due process protections during an internal investigation as he does at an administrative hearing and correctly dismissed appellant's cause of action as to that claim.

▪ Next appellant argues he introduced sufficient evidence establishing the Merit Board's dismissal of his petition on jurisdictional grounds violated his due process rights. This argument is heavily dependent upon the success of appellant's first argument. The record clearly indicates the Merit Board has no procedure for the review of voluntary resignations of police officers. Since the trial court found appellant voluntarily resigned, the only avenue of relief available to him is reapplication, not review of his voluntary resignation. Appellant cannot claim the Merit Board violated his constitutional rights when he has failed to make a proper attempt for relief.

▪ The next issue raised by appellant is closely tied to this second argument. Appellant contends there was no evidence in the record to support the trial court's finding that he failed to follow proper procedure for reappointment. This argument is not supported by the record. The record

clearly discloses the trial court had before it at the time of its decision a complete compilation of the rules and regulations of the Police Merit Board. These rules and regulations do not include a provision for the review of a police officer's voluntary resignation but rather provide for a resigned officer's reapplication for duty. As appellant petitioned for the nonexistent former remedy rather than the latter, the Merit Board was without jurisdiction. The trial court's determination on this issue is supported by the facts.

Finally, appellant contends his due process rights were violated by the Merit Board counsel's dual role as advisor and advocate. This argument is unavailing. The Merit Board's counsel did not occupy a dual role merely because he advised the Board to act in a manner inconsistent with the desires of appellant. It was his duty to advise the Merit Board of the proper course of conduct. His action in doing so violates none of appellant's constitutional rights.

The findings of the trial court on all issues raised by appellant are adequate and supported by sufficient evidence. Under the amendment to T.R. 41(B), the trial court correctly weighed the evidence, made its determination, and entered findings supporting that determination. For the reasons stated above this Court concludes those findings are sufficient and affirms the decision of the trial court.

Affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.