**CITY OF CLINTON, Indiana,**
**Appellant–Defendant,**

v.

**Todd GOLDNER, Appellee–Plaintiff.**

No. 83A01–0708–CV–358.

Court of Appeals of Indiana.

April 30, 2008.

Scott Craig, Traci M. Lawson, Cox Zwerner Gambill & Sullivan, Terre Haute, IN, Attorneys for Appellant.

Keith L. Johnson, Terre Haute, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

The City of Clinton appeals the trial court's grant of summary judgment to Todd Goldner. The City raises three issues, which we revise and restate as:

I. Whether the trial court erred by granting Goldner's motion for summary judgment; and

II. Whether the trial court abused its discretion by awarding Goldner liquidated damages and attorney fees pursuant to the Wage Payment Statute.

We affirm in part, reverse in part, and remand.

The relevant facts follow. On December 16, 2003, Goldner began working as a probationary patrolman with the Clinton Police Department. After one year of employment, Goldner became a patrolman first class. On September 27, 2005, charges of battery and domestic battery were filed against Goldner.

Clinton Chief of Police Bruce Stewart informed Goldner that he was being placed on restricted duty effective immediately as a result of the pending criminal charges. At that time there were two vacant dispatcher positions within the Clinton Police Department, and Goldner's primary responsibility while on restricted duty was to cover these vacant positions. While working as a dispatcher, Goldner continued to receive pay and benefits as a first class patrolman.

On October 7, 2005, Goldner requested a leave from duty due to personal issues. Specifically, Goldner's request for a leave of absence stated:

As of October 7, 2005, First Class Patrolman J.T. Goldner request [sic] a leave from duty due to the resent [sic] personal issues that have developed. At this time said Officer is asking for a[sic] approved leave, due to mental stress that will keep myself from doing the job to the best of my knowledge. I am thankful the city has supported me in this matter and will return in full job duties at the ending of this matter.

Appellant's Appendix at 9. Clinton Mayor Ron Shepard approved the leave and authorized Goldner to use all of his remaining sick time while on leave. On October 24, 2005, Goldner notified the City that he was prepared to return to active duty. During the period that Goldner was on leave, the two vacant dispatching positions were filled.

On October 31, 2005, Goldner requested an executive session with the Board of Public Works and Safety to discuss his employment status. The Board of Public Works met in executive session with Goldner, the Mayor, and the Chief of Police. On November 3, 2005, Mayor Shepard sent Goldner a letter, which stated, in part: "Your present request dated October 24, 2005, will be granted as soon as work

becomes available.... Your return to work will be granted as a shift becomes available in dispatch or as patrolman if and when you are cleared of all criminal charges held against you." *Id.* at 12, 38. On March 24, 2006, the criminal charges were dismissed. Goldner contacted Chief Stewart a few days after the order formally dismissing the criminal charges and requested that he be returned to his job as a patrolman. On April 12, 2006, Goldner returned to his job as a patrolman.

On August 22, 2006, Goldner filed a complaint against the City alleging that the Mayor "unilaterally and wrongfully decided to extend [Goldner]'s leave of absence for an indefinite period of time and thereby depriving [Goldner] of his source of livelihood." *Id.* at 8. The complaint alleged that Goldner had lost wages, sick days, holiday pay, insurance benefits, and clothing allowances as a result of the City's actions.

On February 26, 2007, Goldner filed a motion for partial summary judgment. Goldner argued that he was entitled to pay and benefits from October 24, 2005, to April 12, 2006. Specifically, Goldner argued that he had a constitutionally protected interest in his salary and benefits, which could only be affected by a decision of the Board of Public Works and Safety. Goldner also argued that the Wage Payment Statute applied and required the award of treble damages, costs, and attorney fees.

On April 25, 2007, the City filed a motion for summary judgment. The City argued that Goldner could not recover for back wages or benefits because he was on a voluntary leave and the vacant jobs that Goldner had been covering were filled during his leave of absence. The City also argued that the Wage Payment Statute did not apply because Goldner had not earned any wages.

After a hearing on the motions, the trial court granted Goldner's motion for summary judgment without findings. The trial court then held a hearing on damages. The trial court awarded Goldner $45,358.11 in damages.

## I.

The first issue is whether the trial court erred by granting Goldner's motion for summary judgment. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. We will affirm a summary judgment if it is sustainable under any theory or basis found in the evidence designated to the trial court. *Westfield Companies v. Knapp*, 804 N.E.2d 1270, 1273 (Ind.Ct.App.2004), *reh'g denied, trans. denied.*

In Goldner's motion for summary judgment, he argued that the City failed to follow Ind.Code § 36-8-3-4, which is titled, "Police officers and firefighters; discipline, demotion and dismissal; hearings; appeals; administrative leave." The City argues that Ind.Code § 36-8-3-4 is not applicable because Goldner was not suspended, demoted, or terminated.[1] The City argues that "Goldner's deprivation was caused by his decision to take an indefinite leave of absence and a lack of available work when he decided to return."[2] Appellant's Brief at 11. Goldner

---

1. On appeal, the City also argues that "numerous cases also recognize that an officer may be demoted or discharged for economic reasons without invocation of disciplinary procedures." Appellant's Brief at 12 (citing *Norris v. City of Terre Haute*, 776 N.E.2d 923 (Ind.Ct.App.2002); and *Pfifer v. Town of Edinburgh*, 684 N.E.2d 578 (Ind.Ct.App.1997), *trans. denied*). The City did not raise this argument to the trial court and has waived this argument. See *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 651 (Ind.Ct.App.2002); *Van Meter v. Zimmer*, 697 N.E.2d 1281, 1283 (Ind.Ct.App.1998) ("A party may not advance a theory on appeal which was not originally raised at the trial court.").

2. On appeal, the City relies upon Ind.Code § 36-8-5-2, which provides, in part:

 (a) The police chief or fire chief may be granted a leave of absence by the authority who appointed him. This appointing authority may also grant a leave of absence to any other full-time, fully paid police officer or firefighter.

 (b) A leave of absence under subsection (a) shall be granted for service in the Indiana general assembly and may also be granted only for one (1) of the following reasons:
 (1) Sickness.
 (2) Disability.
 (3) Sabbatical purposes.

 The City argues that "nothing in I.C. § [ ]36-8-5-2 allows an officer to unilaterally determine when his leave will end or requires a city to return an officer to duty within a certain time period, particularly when there is no work available." Appellant's Brief at 10. However, in its memorandum of law in opposition to Goldner's motion for partial summary judgment and at the hearing, the City's attorney argued that Ind.Code § 36-8-5-2 did not apply. Specifically, the City argued in its motion that Ind.Code § 36-8-5-2 did not apply because Goldner was not "on a leave of absence because of a disability, illness or for sabbatical purposes." Appellant's Appendix at 48. At the hearing, the City's attorney stated:

 The City's position was that it was not a leave of absence that could be approved by

argues that, pursuant to Ind.Code § 36–8–3–4(c), "only the Board of Public Works can decide issues which effect the officer's salary for more than five (5) days." Appellee's Brief at 12.

■■■■ This issue requires us to interpret Ind.Code § 36–8–3–4. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *State v. Evans*, 810 N.E.2d 335, 337 (Ind.2004) (quoting *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind.2002)), *reh'g denied.* "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Id.* If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Id.* We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.*

■■■■ Ind.Code § 36–8–3–4 provides, in pertinent part:

(a) This section also applies to all towns and townships that have full-time, paid police or fire departments. For purposes of this section, the appropriate appointing authority of a town or township is considered the safety board of a town or township. In a town with a board of metropolitan police commissioners, that board is considered the safety board of the town for police department purposes.

(b) Except as provided in subsection (m), a member of the police or fire department holds office or grade until the member is dismissed or demoted by the safety board. Except as provided in subsection (n), a member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:

(1) conviction in any court of any crime; or

(2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:

(A) Neglect of duty.

(B) A violation of rules.

(C) Neglect or disobedience of orders.

(D) Incapacity.

(E) Absence without leave.

(F) Immoral conduct.

(G) Conduct injurious to the public peace or welfare.

(H) Conduct unbecoming an officer.

(I) Another breach of discipline.

The safety board may not consider the political affiliation of the member in making a decision under this section. If a member is suspended or placed on administrative leave under this subsection, the member is entitled to

---

the Board of Works because it was not for sickness, disability or sabbatical purposes so that the statute limits, well there's' [sic] also military leave and generally assembly leave but basically you have to be disabled, ill, or going on some kind of educational exchange program, something of that nature. Sabbatical purposes so that was not something that could be approved by the Board of Works. This was sort of outside the parameters of, of, that leave and that leave, that statute, if you read through that your honor, that statute deals a lot with what happens to the employee's retirement, how they are treated for purposes while they are on a leave, for example sickness or disability.

Transcript at 16–17. Because the City argued that Ind.Code § 36–8–5–2 was not applicable, it cannot now argue that the statute is applicable. *See GKC Ind. Theatres, Inc.*, 764 N.E.2d at 651; *Van Meter*, 697 N.E.2d at 1283.

the member's allowances for insurance benefits to which the member was entitled before being suspended or placed on administrative leave. In addition, the local unit may provide the member's allowances for any other fringe benefits to which the member was entitled before being suspended or placed on administrative leave.

(c) Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. . . .

\* \* \* \* \*

(n) If the member is subject to criminal charges, the board may place the member on administrative leave until the disposition of the criminal charges in the trial court. Any other action by the board is stayed until the disposition of the criminal charges in the trial court. An administrative leave under this subsection may be with or without pay, as determined by the board. If the member is placed on leave without pay, the board, in its discretion, may award back pay if the

member is exonerated in the criminal matter.

The purpose of Ind.Code § 36–8–3–4 "is two-fold: first, it is intended to protect police officers and their office; second, it is intended to enhance the public's interest in being protected by police departments comprised of well-disciplined officers." *Hilburt v. Town of Markleville,* 649 N.E.2d 1036, 1039 (Ind.Ct.App.1995), *trans. denied.* Ind.Code § 36–8–3–4 provides a right of permanent employment to police officers. *See State v. Richards,* 203 Ind. 637, 643, 180 N.E. 596, 598 (1932) (construing Section 10864 of Burns Code (1926), a predecessor to Ind.Code § 36–8–3–4, and holding that "[t]he statute creates a tenure of position and gives each policeman and fireman a legally protected interest in this tenure, and courts will safeguard this interest as carefully as if it were a legally protected contract or property interest"); *Hilburt,* 649 N.E.2d at 1040 (recognizing that Ind.Code § 36–8–3–4 provides a right of permanent employment to police officers).

■ Here, the designated evidence reveals that the Mayor told Goldner that his request to return to work would be granted as soon as work became available. In effect, the Mayor suspended him for more than five days.[3] Ind.Code § 36–8–3–4

---

3. The City argues that "[j]ust as it took both parties to agree to the leave occurring, both parties must assent to the leave being over." Appellant's Brief at 10 (relying on Ind.Code § 5–8–4–1). Ind.Code § 5–8–4–1 provides:

Whenever any officer, servant or employee of the state of Indiana, or of any board, bureau, commission, department, division, instrumentality or agency thereof, or of any city, town, county, township, or school corporation, or of any board, bureau, commission, department, division, instrumentality or agency of any city, town, county, township, or school corporation, shall submit in writing his or her resignation, whether to take effect at once, when accepted, or at some future fixed date, with the proper

officer, person or persons or authority of government to receive such resignation, the person so submitting such written resignation shall have no right to withdraw, rescind, annul or amend such resignation without the consent of the officer, person or persons or authority of government having power by law to fill such vacancy.

Goldner did not resign, rather he requested and received a leave of absence. *See State v. Huff,* 172 Ind. 1, 7, 87 N.E. 141, 142–144 (1909) (holding that in order to constitute a resignation, it must be unconditional, with intent that it shall operate as a resignation and to constitute a complete and operative resignation there must be an intention to relinquish a portion of the term of office, ac-

grants the Board, not the Mayor, the power to suspend Goldner.[4] *See Town of Highland v. Powell,* 168 Ind.App. 123, 127–128, 341 N.E.2d 804, 807–808 (1976) (holding that police officer was discharged in violation Ind.Code § 18–1–11–3, a predecessor to Ind.Code § 36–8–3–4). Thus, we conclude that the trial court did not err by granting Goldner's motion for summary judgment and by denying the City's motion for summary judgment.

## II.

The next issue is whether the trial court abused its discretion by awarding Goldner liquidated damages and attorney fees pursuant to the Wage Payment Statute. Initially, we address the City's argument that "the trial court erred in allowing Goldner to even assert this claim as part of his motion for partial summary judgment because his Complaint simply stated a breach of contract cause of action and made no mention or suggestion that the City's actions were in violation of the Wage Payment Statute or that he was entitled to liquidated damages or attorney's fees." Appellant's Brief at 13. Indiana Trial Rule 8(A), Indiana's notice pleading provision, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Trail v. Boys and Girls Clubs of Northwest Ind.,* 845 N.E.2d 130, 135 (Ind.2006). "Under Indiana's 'notice' pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to

throughout the case." *Binninger v. Hendricks County Bd. of Zoning Comm'rs,* 668 N.E.2d 269, 272 (Ind.Ct.App.1996). Notice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial. *Noblesville Redev. Comm'n v. Noblesville Associates Ltd. P'ship,* 674 N.E.2d 558, 563 (Ind.1996). Therefore, under notice pleading the issue of whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified concerning the claim so as to be able to prepare to meet it. *Id.* at 563–564.

Goldner's complaint stated, in part:

\* \* \* \* \*

9. Plaintiff has been wrongfully denied his pay in November and December, 2005, at a rate of $2,030.00 per month, and wrongfully denied his pay in January through March 2006, at a rate of $2,072.40 per month in the total amount of $11,313.40.

10. As a result of Defendant's breach of contract and violation of Department rules and procedures, [Goldner] has incurred losses and damages including: lost wages in the amount of $11,313.40; lost sick days in the amount of $887.76; lost holiday pay in an amount yet to be determined; lost insurance benefits and clothing allowance all to his detriment and damage.

companied by the act of relinquishment). Thus, we do not find Ind.Code § 5–8–4–1 instructive.

The City also relies on *Kimbrell v. City of Lafayette,* 454 N.E.2d 73 (Ind.Ct.App.1983). In *Kimbrell,* the court addressed the rights of a police officer who had voluntarily resigned with the "full knowledge of the consequences" of his resignation. 454 N.E.2d at 75–76. Here, Goldner did not resign or voluntarily terminate his contract of employ-

ment. Rather, Goldner requested and received a leave of absence. Thus, we do not find *Kimbrell* instructive.

4. The City argues that a right to notice or hearing does not exist "when an officer is off work for nondisciplinary reasons." Appellant's Brief at 11. Because we conclude that the Board, not the Mayor, had the authority to suspend Goldner, we need not address the City's argument.

WHEREFORE [Goldner] prays for judgment against [the City] in such an amount as will fully and fairly compensate him for his losses and damages, interest, cost of this action and for all other relief just and proper in the premises.

Appellant's Appendix at 8. Based on Goldner's complaint, we conclude that the City was sufficiently notified of Goldner's claims. *See McLinden v. Coco*, 765 N.E.2d 606, 615 (Ind.Ct.App.2002) (holding that operative facts were sufficient to put defendant on notice about why plaintiff was suing).[5] Thus, we will address the City's arguments regarding the trial court's award of damages.

 Generally, the computation of damages is a matter within the sound discretion of the trial court. *Berkel & Co. Contractors, Inc. v. Palm & Associates, Inc.*, 814 N.E.2d 649, 658 (Ind.Ct.App. 2004). We will not reverse a damage award unless it is based on insufficient evidence or is contrary to law. *Id.*

The trial court awarded judgment to Goldner in the amount of $45,358.11, which included: (1) wages of $12,332.60 for the dates between October 24, 2005, and April 12, 2006; (2) mandatory liquidated damages of $24,665.20 pursuant to Ind.Code § 22–2–5–2 from July 22, 2006 to August 12, 2006; (3) prejudgment interest at 8% per annum from August 13, 2006 to June 29, 2007 in the amount of $2,603.31; and (4) attorney fees and costs per Ind.Code § 22–2–5–2 in the amount of $5,757.

The City argues that the trial court erred by awarding Goldner liquidated damages and attorney fees. Specifically, the City argues that the Wage Payment Statute "only requires employers to pay employees for wages actually earned through working—not for wages the employee claims he was owed because his employer wrongfully refused to allow him to return from a leave of absence." Appellant's Brief at 14.

 The Wage Payment Statute governs both the frequency and amount an employer must pay its employee. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind.2007); Ind.Code §§ 22–2–5–1 to 22–2–5–3. Ind.Code § 22–2–5–1(a) (2004)[6] provides that "[e]very person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." Ind.Code § 22–2–5–1(b) (2004)[7] provides that

---

**5.** The City cites *Noblesville Redev. Comm'n v. Noblesville Associates Ltd. P'ship*, 674 N.E.2d 558 (Ind.1996), and *Buschman v. ADS Corp.*, 782 N.E.2d 423 (Ind.Ct.App.2003). We find these cases distinguishable. In *Noblesville Redev. Comm'n*, the Indiana Supreme Court held that from the operative facts the defendant would only believe that it was involved in this case to defend an *in rem* action against property it owned and nothing in the complaint would lead the defendant to believe that the plaintiff was bringing an action against the defendant itself. 674 N.E.2d at 564. In *Buschman*, the plaintiff filed a complaint against his former employer for payment of a severance package. 782 N.E.2d at 427. The complaint listed the amounts that were "presently owed" to the plaintiff, which were the exact terms of the plaintiff's proposed severance package. *Id.* at 431. Thus, the court held that the plaintiff failed to plead a claim for non-severance wages. *Id.* Here, unlike in *Noblesville Redev. Comm'n* and *Buschman*, Goldner pleaded operative facts that were sufficient to put the City on notice about why Goldner was suing.

**6.** Subsequently amended by Pub.L. No. 51–2007, § 2 (emerg. eff. April 25, 2007).

**7.** Subsequently amended by Pub.L. No. 51–2007, § 2 (emerg. eff. April 25, 2007). This amendment inserted "business" so that Ind. Code § 22–2–5–1(b) now provides, "Payment shall be made for all wages earned to a date

"[p]ayment shall be made for all wages earned to a date not more than ten (10) days prior to the date of payment." "An employer who fails to make payment of wages to any employee as provided in Indiana Code section 22–2–5–1 is subject to liquidated damages and attorney fees. I.C. § 22–2–5–2." *Naugle*, 864 N.E.2d at 1063.

The Indiana Code defines "wages" for purposes of the Wage Payment Statute as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount." Ind.Code § 22–2–9–1(b) (2004). "Wages are 'something akin to the wages paid on a regular, periodic basis for regular work done by the employee....'" *Wank v. Saint Francis Coll.*, 740 N.E.2d 908, 912 (Ind.Ct.App.2000) (quoting *Wilson v. Montgomery Ward & Co.*, 610 F.Supp. 1035, 1038 (N.D.Ind.1985)), *trans. denied.* Here, Goldner did not render labor or service for the period between October 24, 2005, and April 12, 2006. Thus, we conclude that the Wage Payment Statute is not applicable. *See Highhouse v. Midwest Orthopedic Inst., P.C.*, 807 N.E.2d 737, 740–741 (Ind.2004) (holding that the Wage Payment Statute was not applicable because the bonus was not a wage within the meaning of the Wage Payment Statute); *New Frontiers, Inc. v. Goss*, 580 N.E.2d 310, 311 (Ind.Ct.App.1991) (holding that damages in the amount of employees' salaries for the time necessary to comply with the thirty day notice requirement of a contract were not wages under the Wage Payment Statute), *reh'g denied, trans. denied.* Thus, we conclude that the trial court abused its discretion by awarding Goldner liquidated damages and attorney fees.

The City also argues that "the trial court erred by awarding Goldner prejudgment interest on his damages under the Wage Payment Statute." Appellant's Brief at 16. Specifically, the City argues that "[g]iven that the Wage Payment Statute sets forth a specific statutory remedy for violations, Goldner was only entitled to recover what the statute specifically allows him to recover—his wages, attorney's fees and liquidated damages of double the wages." *Id.* at 17. Because we have concluded that the Wage Payment Statute does not apply and the City's argument is based on the Wage Payment Statute, we need not address the City's argument. However, we note that the trial court's order stated that it awarded judgment to Goldner "in the sum of $45,358.11 pursuant to Plaintiff's exhibit 3." Appellant's Appendix at 66. Plaintiff's Exhibit 3 calculated prejudgment interest based upon both the "Wages and/or Salaries" in the amount of $12,332.60 and "Mandatory Liquidated Damages per I.C. 22–2–5–2" in the amount of $24,665.20. Plaintiff's Exhibit 3. Because we reverse the award of liquidated damages, we remand to the trial court to calculate prejudgment interest only on the "Wages and/or Salaries."

For the foregoing reasons, we affirm the trial court's grant of Goldner's motion for partial summary judgment, reverse the trial court's award of liquidated damages and attorney fees, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BARNES, J., and VAIDIK, J., concur.

not more than ten (10) business days prior to the date of payment."