**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**EDWARD L. MURPHY, JR.**
**SOPHIA B. TIPPMANN**
Murphy Ice & Koeneman LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**CHARLES R. CLARK**
Muncie, Indiana

**DONALD K. MCCLELLAN**
McClellan & McClellan
Muncie, Indiana

**FILED**
Mar 02 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| 1st CALL HOME HEALTH, LLC, and CARDINAL HEALTH SYSTEM, INC., | ) ) ) |
| Appellants, | ) ) |
| vs. | )   No. 18A05-1110-PL-528 ) |
| PAMELA PORTER and ABBOTT LABORATORIES, INC., | ) ) ) |
| Appellees. | ) ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John Feick, Judge
Cause No. 18C04-0604-PL-10

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

1st Call Home Health, LLC, (1st Call) and its parent company, Cardinal Health System, Inc., (Cardinal Health) bring this interlocutory appeal of the denial of summary judgment in a suit filed against them by Pamela Porter.[1] They present the following restated issue for review: Did the trial court err in denying summary judgment on the claim of strict liability, a legal theory which had not been specifically pled against 1st Call and Cardinal Health?

We affirm.

Porter suffers from scleroderma, a medical condition that requires her to administer an antibiotic intravenously. When administering the medication on April 30, 2004, Porter claims she suffered damages because the IV bag was contaminated with bacteria. The IV bags Porter used were manufactured by Abbott Laboratories, Inc. Distributor Cardinal Health is the parent corporation of 1st Call, the entity that filled the IV bags with the antibiotic prior to them being sold to Porter.

In April 2005, Porter filed her four-count complaint against 1st Call, Cardinal Health, and Abbott Laboratories. The first three counts – res ipsa loquitor, strict liability, and negligence – were directed against Abbott Laboratories. The final count, alleging breach of implied warranty, was directed against 1st Call and Cardinal Health.

Six years later, all the defendants filed for summary judgment on April 4, 2011. Following a hearing on August 12, 2011, the trial court entered summary judgment in favor of Abbott Laboratories on all counts. With respect to 1st Call, the trial court denied summary

---

[1] The trial court certified the matter for interlocutory appeal, and we accepted jurisdiction pursuant to Ind. Appellate Rule 14(B) on November 18, 2011.

2

judgment, finding genuine issues of material fact existed. The court, however, indicated that summary judgment should be granted in favor of 1st Call as to Counts 1, 3, and 4.

Porter subsequently sought clarification/modification of the summary judgment order.[2] On September 29, 2011, the trial court granted Porter's motion and entered a nunc pro tunc entry. The trial court struck the first paragraph of its summary judgment order in which it had granted summary judgment on Counts 1, 3, and 4. The court then replaced paragraph one with the following: "That Counts 1, 3 and 4 of Plaintiff's Complaint for Damages are hereby dismissed for failure to state a claim and are deemed merged into Count 2 of Plaintiff's Complaint". *Appellants' Appendix* at 258-59. The trial court reaffirmed its summary judgment order in all other respects.

1st Call and Cardinal Health (referred to collectively as Appellants) appeal the denial of summary judgment.[3] Appellants' only argument on appeal is that Porter never alleged any fault related to strict liability against them, as Count 2 was directed solely against Abbott.

---

[2]  In her motion, Porter explained in part:

> 5. The Plaintiff conceded at the hearing that the Defendant did not have common law causes of action because these claims are superceded by and merged with her claim under the [Indiana Products Liability Act (IPLA)]. The Plaintiff further agreed that her claim is a Products Liability Action squarely governed by the IPLA.
>
> 6. That the Defendant, [1st Call] has now filed a Motion for Certification for Interlocutory Appeal of the Court's August 12, 2011 Order alleging that Count 2 does not allege any fault as to 1st Call.
>
> 7. Rather than the Court granting summary judgment as to Counts 1, 3 and 4 of Plaintiff's Complaint for Damages, the appropriate remedy is dismissal of these Counts for failure to state a claim. The [IPLA] preempts common law and governs all product liability actions, whether the theory is liability of negligence, strict liability or breach of implied warranty or tort….

> *Appellants' Appendix* at 260-61.

[3]  Porter correctly observes that the trial court did not mention Cardinal Health in its ruling on summary judgment. It is obvious, however, that the order was intended to apply to Cardinal Health also, as its liability is wholly derivative of 1st Call's liability. This oversight by the trial court is of no consequence.

Thus, we are presented with a pure question of law and are not called upon to review the trial court's determination that genuine issues of material fact exist.

In effect, the appealed judgment converted Porter's breach of implied warranty claim against Appellants into one for strict liability under the IPLA. Appellants' argument that summary judgment should have been granted in their favor simply because this specific claim was not originally directed against them is unavailing.

We remind Appellants that Indiana's notice pleading provision, Ind. Trial Rule 8(A), requires only a short plain statement of the claim showing that the pleader is entitled to relief. *See City of Clinton v. Goldner*, 885 N.E.2d 67 (Ind. Ct. App. 2008). Under our system, a pleading need not specify a legal theory of recovery to be adhered to throughout the case. *Id*. Rather, "[n]otice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." *Id*. at 75. "Therefore, under notice pleading the issue of whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified concerning the claim so as to be able to prepare to meet it." *Id*.

Appellants do not claim that the operative facts pled in Porter's complaint failed to put them on notice of a strict liability claim. Moreover, we have held that "the theory of breach of implied warranty in tort is identical to the theory of strict liability in tort … as codified in the Product Liability Act". *Thiele v. Faygo Beverage, Inc*., 489 N.E.2d 562, 584 (Ind. Ct.

App. 1986), *trans. denied.*[4]  *See also TLB Plastics Corp., Inc. v. Procter & Gamble Paper Products Co.*, 542 N.E.2d 1373, 1375-76 (Ind. Ct. App. 1989) ("[t]ortious breach of implied warranty forms the theoretical basis for the strict liability rule adopted in Indiana, but it does not constitute a separate cause of action").

The IPLA governs "all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by the product; regardless of the substantive legal theory or theories upon which the action is brought."  Ind. Code Ann. § 34-20-1-1 (West, Westlaw through 2011 1st Regular Sess.).  Procedurally, therefore, regardless of the common-law claims pled, a products liability plaintiff may proceed only on a single count of strict liability under the IPLA.  *See, e.g.*, *Thiele v. Faygo Beverage, Inc.*, 489 N.E.2d 562 (upholding grant of summary judgment on breach of implied warranty in tort claim because that count duplicated and merged with strict liability in tort claim).

The IPLA effectively supplants the common-law breach of implied warranty in tort claim filed by Porter against Appellants.  Accordingly, the trial court properly concluded that Porter's only remaining claim against 1st Call was one for strict liability.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

---

[4] In fact, we stated in *Thiele*: "We can conceive of no set of facts under which it would be possible for an injured plaintiff to recover for personal injury on the theory of implied warranty in tort but not on the theory of strict liability in tort." *Id.*