John M. MENEFEE and Sarah
M. Menefee, Appellants–
Plaintiffs,

v.

Jonathan Lee SCHURR and Metlife
Auto & Home, Appellees–
Defendants,

Lorren L. Minick, Appellant–Plaintiff,

v.

Mark E. Ransom and State Farm Mu-
tual Automobile Insurance Com-
pany, Appellees–Plaintiffs,

Brenda S. Hull and Hal C. Hull,
Appellants–Plaintiffs,

v.

Robert J. McDonough and Allstate
Insurance Company, Appellees–
Defendants.

No. 79A02–0010–CV–639.

Court of Appeals of Indiana.

June 27, 2001.

Jeffrey A. Cooke, J. Aaron Cooke, The Cooke Law Office, Richard O. Bovey, The Bovey Law Office, Lafayette, for Appellants.

Richard M. Davis, Jack A. Kramer, Hoeppner Wagner & Evans LLP, Karl L. Mulvaney, Nana Quay-Smith, Candace L. Sage, Merrillville, for Appellee State Farm Mutual Automobile Insurance Co.

Robert B. Clemens, George T. Patton, M. Miles Sukovic, Bose McKinney & Evans LLP, Indianapolis, for Appellee Allstate Insurance Company.

Julia Blackwell Gelinas, Steven J. Strawbridge, Dean R. Brackenridge, Locke Reynolds LLP, Indianapolis, for Appellee Metlife Auto & Home.

John C. Trimble, Richard K. Shoultz, A. Richard M. Blaiklock, Lewis & Wagner, Indianapolis, for Amicus Curiae Insurance Institute of Indiana, Inc.

## OPINION

BAKER, Judge.

The appellants contend that they are presenting us with an issue of first impression in this State. Specifically, they ask that we answer the question whether an injured third party may maintain a cause of action directly against an alleged tortfeasor's insurance company for handling a claim in bad faith.

Appellants-plaintiffs John M. Menefee and Sarah M. Menefee (the Menefees), Lorren L. Minick and Brenda and Hal Hull (the Hulls) (collectively referred to as the appellants), appeal the dismissals in favor of appellees-defendants MetLife Auto & Home (MetLife), State Farm Mutual Automobile Insurance Company (State Farm) and Allstate Insurance Company (Allstate) (collectively, the insurance companies). The appellants contend that the trial court erred in not permitting them to maintain third party actions against the insurance companies for the failure to act in good faith and settle their claims in a fair and equitable manner.

### FACTS

#### Nature of the Lawsuits

##### A. Menefee v. Schurr

On March 23, 1999, in West Lafayette, an automobile driven by Jonathan Schurr struck John Menefee's vehicle as Menefee was attempting to exit a parking space. Sarah Menefee, John's sister, was riding as a passenger in that vehicle. John and Sarah both sustained injuries in the collision. Thereafter, on March 7, 2000, the Menefees lodged a complaint for damages against Schurr and his insurance provider, MetLife. The Menefees alleged that throughout the investigation of the incident, MetLife engaged in various delay tactics and acted in bad faith when pro-

cessing their claims against Schurr and MetLife.

On April 26, 2000, MetLife moved to dismiss the action pursuant to Ind.Trial Rule 12(B)(6). MetLife alleged in its motion that Indiana law prohibits third parties from initiating a direct action against an insurer. The trial court granted the motion to dismiss, and the Menefees obtained a certified order for an interlocutory appeal. On October 26, 2000, this court granted the petition to accept jurisdiction of the appeal.

### B. Hull v. McDonough

In this instance, the facts reveal that on August 6, 1998, Brendan Hull and McDonough were driving their vehicles through the town of Avon. At one point, McDonough crashed his automobile into the rear of Hull's vehicle. The Hulls subsequently filed a complaint against McDonough and Allstate, who was McDonough's insurer. The Hulls alleged that Allstate acted in bad faith and delayed the processing of their claims. Specifically, they asserted that employees at the Allstate claims office failed to respond to phone calls and written correspondence that the Hulls' legal counsel had directed to the company. Additionally, the Hulls alleged that, even though they had forwarded extensive documentation to Allstate regarding their injuries in the accident, Allstate refused to pay the medical bills.

On September 20, 2000, Allstate filed a motion to dismiss the cause of action in accordance with T.R. 12(B)(6), alleging that there was no contract between the Hulls and Allstate. As a result, Allstate asserted that the trial court was obligated to dismiss the action because Indiana does not permit direct action lawsuits against automobile liability carriers by third parties. The trial court ultimately granted Allstate's motion and on December 27,

2000, this court accepted jurisdiction of the appeal.

### C. Minick v. Ransom

In this case, the facts are that on March 25, 1999, Ransom allegedly crossed the centerline while driving his vehicle on State Road 28 in Fountain County. Ransom collided with Minick's automobile, causing serious bodily injury to Minick.

State Farm, who was Ransom's insurer, eventually made a settlement offer which allegedly represented only a fraction of Minick's medical expenses and lost income. As a result, Minick filed a complaint for damages against Ransom and State Farm on February 3, 2000. As in the circumstances involving the Menefees and the Hulls, Minick asserted that State Farm breached its duty to act in good faith in processing the insurance claims that related to the incident.

In response, State Farm filed a motion for judgment on the pleadings pursuant to Ind.Trial Rule 12(C) on September 7, 2000. State Farm alleged that because no legal relationship between Minick and State Farm had been established, Minick was precluded from pursuing any claim against it with regard to the accident. Following a hearing, the trial court granted State Farm's motion for judgment on the pleadings on October 16, 2000. This Court accepted jurisdiction of this interlocutory appeal on December 27, 2000 and ordered the cases consolidated for purposes of this appeal. All three cases are now before us.

### DISCUSSION AND DECISION

#### I. Standard of Review

When reviewing a dismissal pursuant to T.R. 12(B)(6), our standard of review is well settled. We view the pleadings in the light most favorable to the nonmoving party, and we draw every rea-

sonable inference in favor of that party. *Levinson v. Citizens Nat'l Bank of Evansville*, 644 N.E.2d 1264, 1269 (Ind.Ct.App. 1994), *trans. denied.* We will not affirm a dismissal under T.R. 12(B)(6) unless it is apparent that the facts alleged in the challenged pleadings are incapable of supporting relief under any set of circumstances. *Id.* That is, the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *McDonald v. Smart Prof'l Photo Copy Corp.*, 664 N.E.2d 761, 764 (Ind.Ct.App.1996).

We also note that when a motion for judgment on the pleadings is filed, our review is *de novo.* The moving party is deemed to have admitted all facts well pleaded, and the untruth of his own allegations that have been denied. *New Trend Beauty Sch., Inc. v. Ind. State Bd. of Beauty Culturist Exam'rs*, 518 N.E.2d 1101, 1103 (Ind.Ct.App.1988). All reasonable inferences are drawn in favor of the nonmoving party and against the movant. *Nat'l R.R. Passenger Corp. v. Everton by Everton*, 655 N.E.2d 360, 363 (Ind.Ct.App. 1995), *trans. denied.* Like a motion to dismiss for failure to state a claim upon which relief can be granted, a motion for judgment on the pleadings should be granted only when it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.*

## II.  The Appellants' Contentions

The appellants urge that injured parties are third party beneficiaries of liability insurance policies and, therefore, entitled to seek redress when insurance companies attempt to evade their obligations to pay for injuries that are caused by their insureds.  Put another way, the appellants urge that the trial court erred in dismissing their causes of action because they were improperly deprived of the opportunity to establish the bad faith and unfair claims policies of the insurance companies in these cases. Appellant's brief at 16.

In resolving this issue, we initially observe that the appellants have relied extensively on cases from foreign jurisdictions in support of their argument that they are entitled to maintain a cause of action directly against a tortfeasor's insurance company for bad faith.  Notwithstanding their contentions, we conclude that this court need look no further than the reported cases in this State to resolve the matter before us.

Our supreme court has determined that an insurer owes a duty of good faith to its insured, the breach of which gives rise to a tort action. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind.1993). That tort was established in light of the "special relationship" that exists between an insured and an insurer. *Id.* at 519. That duty however, has not been held to exist with respect to a third party claim. For instance, in *Bennett v. Slater*, 154 Ind.App. 67, 289 N.E.2d 144, (1972), the plaintiff, who was injured in an automobile accident, recovered a judgment against Slater, who was insured by Travelers Insurance Company (Travelers). *Id.* at 145. Following this jury verdict, Travelers paid the insurance policy limit proceeds in the amount of $10,000 to the court clerk. *Id.* Thereafter, Bennett filed a cause of action against Travelers, alleging that it was negligent in handling the claim and acted in bad faith because it had failed to make any reasonable efforts to compromise and settle the matter. *Id.*

The trial court granted a motion to dismiss filed by Travelers because Bennett had failed to state a valid claim against the company in the complaint.  Bennett appealed, and we affirmed, observing that "We can see of no duty owed to appellant by Travelers and cannot find support for

the argument that appellant is a third party beneficiary to this duty owed by Travelers to Slater." *Id.* at 148.[1] This court further determined:

> The excess liability of [a liability insurance] company arises out of the relationship between insured and company. Claimant is a stranger to that relationship. Not only is company without any duty to claimant to accept claimant's reasonable settlement offer, but also, if there is a sizeable disparity between the settlement offer and the amount of the judgment obtained in the trial which follows refusal of the offer, claimant is benefited, rather than harmed, by the company's refusal to settle.

*Id.* at 149 (quoting Robert F. Keeton, *Liability Insurance and Responsibility for Settlement*, 67 Harv. L.Rev. 1136, 1176 (1954)). In a more recent case, we declined to abandon the rule that an injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer. *Rausch v. Reinhold,* 716 N.E.2d 993, 1002 (Ind.Ct.App.1999), *trans. denied.*

In addition to the above authority that has been decided adversely to the appellants' position, the other flaw in the appellants' argument is that they have failed to show that the insurance companies in this appeal intended to benefit third parties injured by their insureds' negligence. Moreover, the overwhelming majority of courts in other jurisdictions have rejected the third party bad faith theory with respect to these types of actions. *Savage v. Educators Ins. Co.,* 908 P.2d 862, 866 (Utah 1995).[2] As a result, we decline to ignore controlling precedent and conclude that the trial court properly granted the appellee insurance companies' motions to dismiss.

Judgment affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

1. We cited to a number of cases from other jurisdictions that support such a holding. *Id.* at 148.

2. The insurance companies note that there are only four states, Kentucky, Louisiana, Massachusetts and West Virginia, that permit third party direct action bad faith claims contemporaneous with court actions against the insureds. Appellee's brief at 28. Interestingly, the California courts at one time permitted third party claimants the right to bring a cause of action against an insurance company for bad faith settlement practices. *See Royal Globe Insurance Co. v. Superior Court,* 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979). Nine years later, the California Supreme Court reversed its own decision in *Royal Globe,* recognizing that allowing such litigation gives rise to conflicts of interest between the insured and the carrier, unwarranted settlement demands by claimants and the encouragement of multiple litigation. *Moradi–Shalal v. Fireman's Fund Ins. Companies,* 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58, 66 (1988). Thus, the *Moradi–Shalal* court recognized that "the public will indeed suffer from escalating costs of insurance coverage, a certain result of inflated settlements and costly litigation."