**Toni E. WILSON, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, Appellee.**

No. 49A02–0206–CV–456.

Court of Appeals of Indiana.

Nov. 21, 2002.

---

W. William Hodes, The William Hodes Professional Corp., Rafael Ramirez, Ramirez Law Office, P.C., Indianapolis, IN, Attorneys for Appellant.

Karl L. Mulvaney, Nana Quay–Smith, Kandi Kilkelly Hidde, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Toni E. Wilson ("Wilson") appeals the Marion Superior Court's ruling granting Continental Casualty Company's ("Continental") motion to dismiss Wilson's complaint for failure to state a claim upon which relief could be granted, pursuant to Indiana Trial Rule 12(b)(6). On appeal, Wilson argues that her claim falls within a limited exception to the direct action rule that prohibits tort victims from directly suing insurance carriers for the torts of their insureds, and therefore, the trial court erred when it dismissed her claim.

We reverse.

### Facts and Procedural History [1]

In January 1998, Wilson sued Michael C. Kendall ("Kendall"), an Indiana attorney who previously represented Wilson, for failing to exercise ordinary care and skill expected of Indiana attorneys licensed to practice law in Indiana.[2] Continental was the legal malpractice insurance carrier for Kendall at the time of the lawsuit, and represented Kendall in the legal malprac-tice lawsuit under a reservation of rights. On February 4, 2002, during the pendency of the legal malpractice lawsuit, Wilson filed this declaratory action against Continental for the purpose of obtaining a declaration that Continental was obligated to represent Kendall without a reservation of rights, and pay any judgment or settlement Wilson might obtain against Kendall in the legal malpractice lawsuit.

On April 3, 2002, Continental filed a Motion to Dismiss Wilson's declaratory action, arguing that Wilson failed to state a claim upon which relief could be granted because Wilson's suit constituted a direct action by a third party against a defendant's insurance carrier, which is prohibited under Indiana law. On May 10, 2002, after a May 8, 2002 hearing, the Marion Superior Court granted Continental's Motion to Dismiss. Wilson now appeals.

### Standard of Review

A motion to dismiss pursuant to Indiana Trial Rule 12(b)(6) tests the legal sufficiency of the claim, not the facts supporting the claim. *Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 196 (Ind.Ct.App.1999), *trans. denied* (citation omitted). Upon review, we regard the pleadings in a light most favorable to the nonmovant, and draw every reasonable inference in favor of that party. *Id.* (citation omitted). We will not affirm a dismissal under Trial Rule 12(b)(6) "unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Menefee v. Schurr,* 751 N.E.2d 757, 760 (Ind.Ct.App. 2001), *trans. denied* (citation omitted).

### Discussion and Decision

Wilson argues that she has standing to seek a declaration of coverage from Conti-

---

1. Wilson's request for an oral argument is hereby denied.

2. The legal malpractice suit is pending in Marion Superior Court and has been assigned the following cause number, 49D04–0107–CT–1049.

nental with respect to Kendall's legal malpractice insurance policy. Br. of Appellant at 10. However, Continental argues that Wilson's claim is nothing more than a direct action suit alleging negligent handling of her claim by Continental, which is strictly prohibited in Indiana.

The prohibition of direct action suits against insurance companies in Indiana is well settled. "[A]n injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer." *Menefee,* 751 N.E.2d at 761 (citing *Rausch v. Reinhold,* 716 N.E.2d 993, 1002 (Ind.Ct.App.1999), *trans. denied*). Nevertheless, as stated by a panel of this court in *Community Action of Greater Indianapolis, Inc. v. Indiana Farmers Mutual Insurance Co.,* 708 N.E.2d 882 (Ind.Ct.App.1999), *trans. denied,* "the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment. Such an interest will support standing under the [Uniform Declaratory Judgments] Act." *Id.* at 885.

In *Community Action,* the plaintiff contracted for the installation of a new roof on its office building. The contractor in turn contracted with the defendant to perform the roofing work. The defendant roofer carried a commercial liability insurance policy at the time. Even though the defendant roofer attempted to secure the building after only partially finishing the work, later that same evening, the building was flooded by rain, causing approximately $170,000 in property damage. The defendant roofer's insurance carrier later advised the defendant roofer that it would not indemnify him for the damage. *Id.* at 883.

Plaintiff then filed a complaint against the insurance carrier and the defendant roofer, seeking a declaratory judgment stating that the defendant roofer was entitled to indemnity from his insurance carrier in the action. *Id.* The insurance company thereafter filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, arguing that the plaintiff filed a prohibited direct action. The trial court granted the insurance company's motion to dismiss. A panel of this court reversed. *Id.* at 884.

In addition to concluding that the plaintiff had not filed a prohibited direct action against the insurance carrier, but rather, had permissibly filed a declaratory judgment action to determine whether the insurance carrier could deny coverage, or whether the insurance policy had remained in effect, our court also concluded that such a determination was not against public policy. *Id.* at 885–86. Our court concluded that its position was not inconsistent with Indiana's prohibition of direct actions against insurers where the injured party has no relationship with the insurer, because such a declaratory action is used "to establish whether the insurer can deny coverage or whether the insurance policy remained in effect, [therefore] such suit is not a direct action suit against an insurer." *Id.* at 886 (citing *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 682 (7th Cir.1992)).

Continental argues that the *Community Action* conclusion is not applicable because in *Community Action,* the insurance carrier denied coverage to the defendant roofer, while in this case, Continental is merely defending Kendall under a reservation of rights. Continental is correct in its assertion that Indiana law allows insurance carriers to defend insureds under a reservation of rights. Indiana law also allows insurance carriers to deny coverage, subject to the availability of the declaratory action sanctioned in *Community Action.*

Allowing insurance companies to defend insureds under a reservation of rights protects the insurance company from a bad faith action for breach of its duty to defend because an insurance company's duty to defend is broader than its duty to indemnify. *Gallant Ins. Co. v. Oswalt,* 762 N.E.2d 1254, 1260 (Ind.Ct.App.2002), *trans. denied.* An insurance company reserves its right to deny coverage, in a subsequent declaratory action, while at the same time it defends the insured. "Such is the purpose of a reservation of rights: to allow the insurer to fulfill the broad duty to defend while at the same time investigating and pursuing the narrower issue of whether indemnification will result." *Id.*

■ A plaintiff is at severe disadvantage when an insurance carrier chooses to defend an insured under a reservation of rights because at any time during the proceeding, even after the plaintiff has expended considerable time and resources, the insurance carrier can bring a declaratory action to establish that it does not have to indemnify the insured defendant. We conclude that under the *Community Action* holding, whether an alleged tortfeasor's insurance carrier has denied coverage or is defending under a reservation of rights is a distinction without a difference. A plaintiff should be entitled to bring a declaratory action to determine whether the insurance carrier must indemnify its insured in either of these equally compelling circumstances.[3]

Continental argues that allowing this case to go forward would "force[ ] Indiana courts to allow third party actions against insurers every time an insurance company opted to defend under a reservation of rights." Br. of Appellee at 12. We agree

and see no great ill in the development. We believe that allowing such declaratory actions will prevent the waste of parties' and judicial resources. All litigants will now be on the same footing in cases where insurance companies either deny coverage or defend under a reservation of rights. Equal ability to know whether a provable loss is subject to insurance indemnification will be a positive step toward settlement and will make litigation outcomes dispositive, collectible and credible. We believe Indiana's civil litigants deserve no less.

Because Wilson's declaratory judgment action falls within the narrow exception to the rule against direct actions filed by third parties against insurance companies established in *Community Action,* we reverse the trial court's dismissal of Wilson's claim.

Reversed.

BAILEY, J., and SULLIVAN, J., concur.

---

**3.** In *Sans v. Monticello Ins. Co.,* 718 N.E.2d 814, 817 (Ind.Ct.App.1999), *trans. denied,* this court concluded that the underlying plaintiff in a negligence action was a properly named defendant in a declaratory action brought by the insurance company because the plaintiff "clearly has an interest" in the case.