# FOR PUBLICATION



APPELLANT PRO SE:

**JASON T. MYERS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEES:

**NICHOLAS C. DEETS**
Hovde Dassow & Deets LLC
Indianapolis, Indiana

**DINA M. COX**
**KAMEELAH SHAHEED-DIALLO**
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1108-CT-771 |
| | ) | |
| CHARLES R. DEETS III, DEETS & KENNEDY, | ) | |
| and GREAT AMERICAN INSURANCE GROUP, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1101-CT-8

**May 29, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Jason Tye Myers filed a complaint against Charles R. Deets, III, ("Charles"), Edward L. Kennedy ("Edward"), Deets & Kennedy ("the law firm"), and Great American Insurance Group ("Great American"). Myers alleged that Charles, who was deceased at the time the complaint was filed, owed Myers money related to Charles' brief representation of Myers in a criminal matter in 2004. And Myers alleged that Edward was a business partner of Charles' and was, therefore, liable for the debt. Finally, Myers alleged that Great American insured Charles and the law firm and was, therefore, also liable for the debt. Great American moved for judgment on the pleadings, and Edward and the law firm moved for summary judgment. The trial court granted both of those motions following a hearing. Myers appeals and alleges that the trial court erred when it granted those motions.

We affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

From September 1, 2004, until February 28, 2005, Charles represented Myers in a criminal matter. Myers paid Charles a $5000 retainer.[1] After Myers fired Charles, Myers believed that he was owed some portion of the retainer, but Charles did not refund Myers any money.

On January 31, 2011, Myers filed a complaint against Charles, Edward, the law firm, and Great American "for redress of damages resulting from the tort[i]ous conduct of [Charles], amounting to the common law torts of fraud and constructive fraud, and

---

[1] The evidence is conflicting whether Myers paid the full amount of the retainer.

2

attorney deceit[.]" Appellee's App. at 7. Myers sought compensatory damages, treble damages, and punitive damages. In his complaint, Myers set out facts alleging that Charles owed him money, that Charles and Edward were partners, and that Great American insured Charles and the law firm.

Great American moved for judgment on the pleadings, arguing that it did not have a liability policy in effect with Charles or the law firm at any time relevant to the facts set out in the complaint. In addition, Great American argued that Myers was barred from bringing a direct action against an insurer. Edward and the law firm filed a motion for summary judgment alleging, in relevant part, that Myers' legal malpractice claim was barred by the statute of limitations. In addition, Edward and the law firm alleged that to the extent Myers alleged fraud, there were no genuine questions of material fact precluding summary judgment in favor of Edward and the law firm on that issue. Following a hearing, the trial court granted both motions. This appeal ensued.

## DISCUSSION AND DECISION

### Judgment on the Pleadings

Myers first contends that the trial court erred when it entered judgment on the pleadings in favor of Great American. We review de novo a trial court's ruling on a Rule 12(C) motion for judgment on the pleadings. Murray v. City of Lawrenceburg, 925 N.E.2d 728, 731 (Ind. 2010). We accept as true the well-pleaded material facts alleged in the complaint, and base our ruling solely on the pleadings. Id. A Rule 12(C) motion for judgment on the pleadings is to be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. Id. (citation omitted).

3

In support of its motion for judgment on the pleadings, Great American asserted three arguments: (1) that it did not insure either Charles or the law firm at the time of the alleged misconduct; (2) that its policy specifically excludes the intentional conduct alleged in the complaint; and (3) that Myers is barred from bringing a direct action against Great American.

Accepting as true, as we must, Myers' allegation in his complaint that Charles and the law firm were covered by professional liability insurance policies "at the time the actions complained of were predicated and consummated," judgment on the pleadings is not warranted on the assertion in the answer that no such coverage in fact existed at the time of the alleged malpractice. Appellee's App. at 14. Likewise, judgment is not warranted on the assertion that the policy excluded the alleged conduct. While Great American attached copies of insurance policies to its answer, in moving for judgment on the pleadings Great American admitted for purposes of the motion "the untruth of [its] own allegations[.]"[2] Midwest Psychological Center, Inc. v. Indiana Dept. of Admin., 959 N.E.2d 896, 902 (Ind. Ct. App. 2011) (citation omitted); 1A William E. Harvey, Indiana Practice § 12.16 at 329 (1999).

Finally, Great American is correct that the direct action rule bars a plaintiff from pursuing direct claims against an insurer where those claims are based on the actions of an insured. As we reiterated in Wilson v. Continental Casualty Co., 778 N.E.2d 849, 851 (Ind. Ct. App. 2002), "an injured third party does not have the right to bring a direct

---

[2] Had the parties introduced into evidence for the trial court's consideration matters outside the pleadings, the motion for judgment on the evidence would have been converted to a summary judgment motion. 1A William E. Harvey, Indiana Practice § 12.16 at 333-34 (1999). But because the policies were attached to Great American's answer, they cannot be considered matters outside the pleadings. See Trial Rule 9.2.

action against a wrongdoer's liability insurer." (Quoting <u>Menefee v. Schurr</u>, 751 N.E.2d 757, 761 (Ind. Ct. App. 2001)). Nevertheless, as stated by a panel of this court in <u>Community Action of Greater Indianapolis, Inc. v. Indiana Farmers Mutual Insurance Co.</u>, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999), <u>trans. denied</u>, "the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment. Such an interest will support standing under the [Uniform Declaratory Judgments] Act."

In our de novo review of the entry of judgment on the pleadings, then, we must consider whether Myers' complaint is legally sufficient to support relief under any circumstances, including a declaratory judgment action.[3] While Myers' complaint does not expressly seek a declaratory judgment on the question of insurance coverage, the assertion of a specific theory in a complaint is not required under notice pleading. In <u>ARC Constr. Mgmt., LLC v. Zelenak</u>, 962 N.E.2d 692, 697 (Ind. Ct. App. 2012), we explained notice pleading as follows:

> Indiana's notice pleading provision requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for relief to which the pleader deems entitled." Ind. Trial Rule 8(A); <u>Buschman v. ADS Corp.</u>, 782 N.E.2d 423, 430 (Ind. Ct. App. 2003). Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case. <u>City of Clinton v. Goldner</u>, 885 N.E.2d 67, 74 (Ind. Ct. App. 2008). Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action. <u>State v. Am. Family Voices, Inc.</u>, 898 N.E.2d 293, 296 (Ind.2008). Notice pleading merely requires pleading the operative facts so

---

[3] Great American contends that Myers has waived this issue for failure to raise it to the trial court. First, Myers did assert this argument in his "Addendum to Plaintiff's Response in Objection to Defendant Great American Insurance Group's Motion for Judgment on the Pleadings" filed prior to the hearing on Great American's motion. Second, our review is de novo and we must consider whether, from the face of Myers' complaint, relief could be granted under <u>any</u> circumstances. Thus, regardless of arguments made or not made by Myers, either his complaint is sufficient or it is not.

5

as to place the defendant on notice as to the evidence to be presented at trial. City of Clinton, 885 N.E.2d at 74. Therefore, under notice pleading the issue of whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified concerning the claim so as to be able to prepare to meet it. Id. A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues. Buschman, 782 N.E.2d at 430.

Here, again, Myers asserted in his complaint that Charles and the law firm were covered by Great American policies. While not expressly seeking a declaratory judgment, Myers sufficiently stated facts that would support a declaratory judgment action. Great American makes no contention that it was not adequately notified concerning Myers' claim so as to be able to prepare to meet it. See id. Indeed, by its answer, Great American asserted facts refuting any such coverage.

Again, a Rule 12(C) motion for judgment on the pleadings is to be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. Murray, 925 N.E.2d at 731. We hold that Myers' complaint is sufficient to seek relief by way of a declaratory judgment. Had Great American moved for summary judgment and designated evidence of the effective dates of coverage, policy exclusions, and the like, the trial court might have found that Great American is entitled to judgment as a matter of law. However, given our standard of review, we cannot say that judgment on the pleadings was proper here.

**Summary Judgment**

Next, Myers contends that the trial court erred when it entered summary judgment in favor of Edward and the law firm. We review a summary judgment order de novo. Bules v. Marshall County, 920 N.E.2d 247, 250 (Ind. 2010). The purpose of summary

6

judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. Shelter Ins. Co. v. Woolems, 759 N.E.2d 1151, 1153 (Ind. Ct. App. 2001), trans. denied. We must determine whether the evidence that the parties designated to the trial court presents a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); Bules, 920 N.E.2d at 250. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. Bules, 920 N.E.2d at 250.

Here, in support of their joint summary judgment motion, Edward and the law firm first asserted that Myers' claims are barred by the statute of limitations for legal malpractice claims, which is two years. See Ind. Code § 34-11-2-3. In his memorandum in opposition to summary judgment, Myers argued that while a claim for legal malpractice was barred by the statute of limitations, he was making a claim for fraud, which has a six-year statute of limitations. See Ind. Code § 34-11-2-7. Myers filed his complaint on January 31, 2011, which is within six years of the date Myers terminated Charles' representation. Accordingly, any claim for fraud would not be time-barred.

However, Myers' fraud claims against Edward and the law firm are based on Myers' allegation that Charles and Edward were partners at all relevant times. And in support of their summary judgment motion, Edward and the law firm designated an affidavit whereby Edward stated that he was not in a partnership with Charles at the time of the alleged representation of Myers. Edward also averred that while he and Charles

7

shared office space after the partnership dissolved in September 2002, Edward left that office and moved to a different location in February 2004, before Myers hired Charles.

In an attempt to contradict that evidence, Myers submitted his own affidavit whereby he stated that: he "noticed another man whom [Charles] referred to as 'Ed' " in Charles' office; he witnessed that man leave Charles' office during one visit, and Charles told Myers that he and the man "were having a dispute over partnership matters"; and Charles told Myers that if he were to become too ill to continue representing Myers, "his partner would take care of it," and Charles "motion[ed] to the office at the opposite end of the suite, occupied by the man referred to as Ed[.]" Appellant's App. at 94.

If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. Beatty v. LaFountaine, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008), trans. denied. Hearsay is a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Because the court may consider only admissible evidence when ruling on a motion for summary judgment, inadmissible hearsay statements cannot create a genuine issue of material fact. Hays v. Harmon, 809 N.E.2d 460, 465-66 (Ind. Ct. App. 2004), trans. denied. Here, the only evidence Myers designated in opposition to summary judgment is hearsay. We hold that Myers has not established a genuine issue of material fact whether Edward and Charles were partners at any time relevant to his complaint.

In sum, Myers does not direct us to any designated evidence sufficient to establish a genuine issue of material fact whether Edward and Charles were partners at any time

8

relevant to his complaint. Accordingly, Myers cannot show that either Edward or the law firm is liable for Charles' alleged fraudulent conduct. We hold that the trial court did not err when it entered summary judgment in favor of Edward and the law firm.

Affirmed in part, reversed in part, and remanded for further proceedings.

DARDEN, J., concurs.

RILEY, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

JASON TYE MYERS,               )
                                       )

    Appellant-Plaintiff,        )
                                       )

        vs.                    )      No. 79A02-1108-CT-771
                                       )

CHARLES R. DEETS, III, DEETS & KENNEDY, )
And GREAT AMERICAN INSURANCE GROUP, )
                                       )

    Appellees-Defendants.      )

**RILEY, Judge, concurring in part and dissenting in part**

While I agree with the majority's decision on the trial court's summary judgment in favor of the law firm, I respectfully part ways with its interpretation of Great American's motion for judgment on the pleadings.

It is well established that an injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer. *Wilson v. Continental Casualty Co*., 778 N.E.2d 849, 851 (Ind. Ct. App. 2002). However, where the third party is not suing the insurance company to establish that its insured committed a tort against the third party, but is rather suing to establish whether the insurer can deny coverage or whether the insurance policy remained in effect, such suit is not considered a direct action suit against an insurer. *Community Action of Greater Indianapolis, Inc. v. Indiana Farmers*

*Mutual Ins. Co.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999), *trans. denied* (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992).

We are here faced with the interesting situation that although the underlying tort claim against the law firm is barred by the statute of limitations, the suit against the insurance company might proceed because it is governed by the ten-year statute of limitations. *See* I.C. § 34-11-2-11; *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 688 (Ind. Ct. App. 2006). According to the majority then, Myers' is entitled to bring his claim against Great American because, while not expressly seeking a declaratory judgment on the question of insurance coverage, "Myers sufficiently stated facts that would support a declaratory judgment action." Slip op. p. 6. I disagree with the majority's interpretation of Myers' complaint.

It is clear that Myers' complaint contemplates a direct action against the law firm, not a declaratory judgment. In his complaint, Myers only focuses on the redress of damages resulting from the law firm's perceived tortious conduct, seeking compensatory, treble, and punitive damages. At no point in his complaint does Myers allude to seeking a declaration that the insurance policy is in effect; rather, he is seeking the reimbursement of his retainer from either the law firm or directly from Great American. Therefore, as I do not find any circumstances which could grant Myers relief, the trial court's grant for judgment on the pleadings was proper.