**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JASON TYE MYERS**
Pendleton, Indiana

ATTORNEY FOR APPELLEE
CHARLES R. DEETS III (deceased):

**F. BOYD HOVDE**
Hovde Dassow & Deets, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE GREAT
AMERICAN INSURANCE GROUP:
**DINA M. COX**
**NEAL BOWLING**
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1306-CT-521 |
| | ) | |
| CHARLES R. DEETS III, | ) | |
| DEETS & KENNEDY, and | ) | |
| GREAT AMERICAN INSURANCE GROUP, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1101-CT-8

**February 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jason Tye Myers ("Myers") appeals the trial court's decisions to grant Charles Deets III's ("Deets") motion to dismiss and to grant Great American Insurance Group's ("Great American") motion for summary judgment. Myers raises two issues that we restate as:

I. Whether the trial court erred by granting Deets's motion to dismiss, where Myers failed to open an estate and establish a special representative to serve as a defendant in his cause of action against Deets, a deceased person; and

II. Whether the trial court erred in granting Great American's motion for summary judgment that asserted Great American did not provide coverage for Deets at the time of the alleged conduct giving rise to Myers's complaint against Deets.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2011, Myers[1] filed a complaint against: (1) Deets, who had died approximately five years prior, on January 26, 2006; (2) Edward L. Kennedy ("Kennedy"), who was a former law partner with Deets; (3) the law firm of Deets & Kennedy ("Law Firm"); and (4) Great American. Myers's complaint pertained to Deets's legal representation of Myers in a criminal matter from September 1, 2004 to February 28, 2005. *Appellant's App*. at 71. The complaint alleged that Deets committed fraud, constructive fraud, and attorney deceit. *Id*. at 70-78. According to Myers's complaint, he paid Deets $5,000, in cash and bartered car repair services, as a retainer fee, but after Myers fired Deets, there remained unused retainer money that Deets did not return to Myers. Myers's allegations against Great American were based solely on the theory that Deets possessed

---

[1] Myers has proceeded *pro se* throughout these proceedings, both trial and appellate.

2

professional liability insurance through Great American at the time of the criminal representation at issue. Myers's amended complaint against Great American sought a declaratory judgment on the insurance coverage matter. Myers's claims against Kennedy alleged that he was Deets's partner at the relevant time and, therefore, was also liable to Myers.

Kennedy filed a motion for summary judgment on the basis that there was no evidence that he was Deets's partner during the time period at issue, and Great American filed a motion to dismiss asserting that it did not insure Deets during the relevant time frame. In July 2011, the trial court granted Kennedy's motion for summary judgment and Great American's motion to dismiss. This court affirmed summary judgment in favor of Kennedy in *Myers v. Kennedy*, 968 N.E.2d 299 (Ind. Ct. App. 2012), but it reversed the dismissal in favor of Great American, finding that the motion to dismiss was more appropriately addressed as a motion for summary judgment.

In July 2012, after the case was remanded to the trial court, Great American moved for summary judgment with respect to Myers's declaratory judgment claim. Great American asserted that, while it had insured the Law Firm for the period March 19, 2002 through March 19, 2003 and insured Deets individually from March 20, 2003 through March 20, 2004, it did not insure Deets at the time of his alleged dealings with Myers beginning in September 2004; thus, it was entitled to judgment as a matter of law. Furthermore, Great American asserted that the policies that had previously been in effect were "claims made" policies and covered only claims made during the policy period, which was prior to the dates that Deets was alleged to have represented Myers. Lastly, Great

American argued that its policy did not cover the alleged acts, which were fraud, constructive fraud, and deceit. Myers filed a response to the motion for summary judgment, asserting generally that genuine issues of material fact precluded summary judgment.

On April 15, 2013, attorney F. Boyd Hovde ("Hovde") entered his appearance on behalf of Deets and filed a motion to dismiss Myers's complaint, asserting that Myers had sued a deceased person, Deets, rather than opening an estate and having a special representative appointed to serve as the defendant, as required by Title 29 of the Indiana Code.[2] Myers's response admitted that he had knowledge that Deets was deceased at the time he filed his complaint, but he argued that Deets's son, Nicholas Deets ("Nicholas"), should have opened an estate on behalf of his father once he had knowledge of Myers's complaint. On May 22, 2013, the trial court granted both Great American's motion for summary judgment and Deets's motion to dismiss.

Myers now appeals the trial court's decisions in favor of Deets and Great American.

## DISCUSSION AND DECISION

### I.     Deets's Motion to Dismiss

Myers's complaint, filed in January 2011, named Deets as a defendant and recognized that he was "a deceased adult male." *Appellant's App*. at 71. According to the record before us, Deets had died approximately five years prior, on January 26, 2006. In April 2011, Myers requested that the trial court enter a default judgment against Deets since

---

[2] Hovde notes that "there is no legal authority which permits an attorney to represent a dead person," but he "eventually appeared and defended" Deets as this was "the only mechanism to end this litigation and stop the endless flood of motions and discovery requests." *Appellee Deets's Br*. at 4 n.2.

no responsive pleading had been filed and no one had appeared to represent him.  In April 2013, Hovde filed the motion to dismiss on behalf of Deets.  Myers filed a response and therein acknowledged that he had "improperly named Charles R. Deets III instead of his estate," but urged that the named defendants should not be allowed to "hide behind" this fact, considering Deets's son, Nicholas, had "constructive notice" of the claim for relief.[3] *Id*. at 357.  Myers further asserted that "any issue with Myers'[s] misnomer of party, having named Charles R. Deets III individually, rather than his estate," should be waived.  *Id*. Thereafter, Hovde filed a reply in support of the motion to dismiss, stating that Myers was aware as early as February 2006 that Deets was deceased,[4] yet Myers failed to open an estate within eighteen months of Deets's death as required by Indiana Code section 34-11-7-1, and therefore the trial court should grant the motion to dismiss.  Myers responded and argued that Deets's defense was waived for failure to file a timely response, he was entitled to a default judgment, and Nicholas and other heirs fraudulently concealed assets "that would have made the opening of an estate possible or necessary."  *Appellant's Br*. at 8; *Appellant's App*. at 358.

On June 22, 2013, the trial court granted Deets's motion to dismiss.  The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a

---

[3] The allegation of constructive notice stemmed from the fact that Nicholas Deets ("Nicholas") had entered an appearance on behalf of his father's former partner, Kennedy, but Nicholas "made no attempt . . . to act on behalf of his father, or otherwise respond to [Myers's] claim for relief[.]" *Appellant's App*. at 356.

[4] By Myers's own admission, he corresponded with Nicholas in February 2006 and September 2007, requesting information concerning either an estate or insurance coverage for Deets, and Nicholas informed Myers that Deets had no assets at the time of his death. *Appellant's App*. at 359.

claim is de novo and requires no deference to the trial court's decision.[5] *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010). "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Id.* at 37 (citing *Trail v. Boys & Girls Clubs of Nw. Ind.,* 845 N.E.2d 130, 134 (Ind. 2006)). A court should accept as true the facts alleged in the complaint; however, courts need not accept as true conclusory, nonfactual assertions or legal conclusions. *Id.* at 37. Under Indiana Trial Rule 9(B): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred." *Id.*

Deets argues a deceased person has no legal standing, is not able to accept service of process, hire an attorney, or defend himself or herself, and, therefore, the trial court properly dismissed the lawsuit against Deets. *Appellee Deets's Br*. at 4. In support of this proposition, Deets cites to *Clark v. Estate of Slavens*, 687 N.E.2d 246 (Ind. Ct. App. 1997). In that case, Clark filed her lawsuit shortly before the tort statute of limitations expired and simply named the "Estate of Andrea E. Slavens" as a defendant, although at that point no estate had been opened for Slavens. After the two-year statute of limitations expired, Clark filed pleadings in an attempt to open an estate for Slavens. Slavens's attorney moved for summary judgment based on the two-year statute of limitations, which the trial court granted. On appeal, the *Clark* court affirmed the summary judgment, holding that after the

---

[5] We observe that the trial court's decision did not expressly identify under what subsection of Indiana Trial Rule 12(B) it was ordering dismissal, whether 12(B)(6) or otherwise. However, Myers's appellant's brief sets forth the Indiana Trial Rule 12(B)(6) standard of review, which we find appropriate and applicable here.

6

tort statute of limitations had run, the tort action was barred. *Id*. at 250. The *Clark* court

noted that merely placing the words "estate of" a deceased individual on a complaint does

not solve the problem, because

> [p]rior to the entry of the court's order appointing a personal representative, the estate of a decedent has no standing as a legal entity. It can neither sue nor be sued nor hold title to nor possession of personalty.

*Id*. (citing 1 Falender, Henry's Indiana Probate Law and Practice § 601, 236); *see also*

*Wilson v. Kings' Estate*, 131 Ind. App. 412, 414, 170 N.E.2d 63, 64 (1960) (appeal merely

naming estate of decedent as party to action, without named personal representative, is

insufficient).

In 1999, our Supreme Court in *Indiana Farmers Mutual Insurance Co. v. Richie*,

707 N.E.2d 992 (Ind. 1999), addressed the *Clark* fact pattern, where a tort action was filed

within the statute of limitations but the estate of the decedent was not opened until after the

statute of limitations had expired. The *Richie* court held that where a tort claim is filed

against a decedent before the statute of limitations has run, but no estate is opened until

after the statute of limitations has run, the claim still may be pursued to the extent of any

applicable liability insurance; that is, the claim is not barred to the extent that the decedent

had insurance to cover the claim.[6] *Id*. at 996. In that way, *Richie* abrogated the holding of

*Clark*. Notably, however, *Richie* did not alter the threshold premise, at issue in this case,

that a deceased person cannot sue or be sued. Indeed, *Richie* specifically recognized "the

---

[6] The *Richie* court reasoned, "The opening of the estate so as to bring the insurance policy into the estate is a formal requirement because the insurance company needs a representative of the defendant to serve as a client. Whether this is done three months before the statute of limitations for tort actions expires or three months after is immaterial unless the insurance company can show some prejudice from the delay." *Indiana Farmers Mutual Insurance Co. v. Richie*, 707 N.E.2d 992, 996 (Ind. 1999).

somewhat metaphysical notion that a suit cannot proceed against a decedent." *Richie*, 707 N.E. at 995.

A review of case law reveals that we have continued to recognize that an attorney or interested party must open an estate if they intend to litigate against a deceased individual. In *Pistalo v. Progressive Casualty Insurance Co.*, 983 N.E.2d 152 (Ind. Ct. App. 2012) *trans. denied*, Pistalo was injured in a vehicle collision with an individual named Wilks, who was insured by Progressive Insurance Company ("Progressive"). In November 2005, Pistalo filed a personal injury action against Wilks. At some point during settlement negotiations, a representative from Progressive informed Pistalo that Wilks had died in November 2003. We observed, "Because no estate had ever been opened, Pistalo's counsel opened an estate in probate court . . . in Wilks's name in January 2006, for purposes of substituting Wilks's estate as the party defendant in her personal injury action." *Id*. at 155; *see also Hunter ex rel. Hunter v. Young*, 802 N.E.2d 1015, 1016 (Ind. Ct. App. 2004) (J. Sullivan, in concurrence, observing that plaintiff "had no choice but to seek appointment of a personal representative for [the deceased defendant] and to have the summons issued to that personal representative.").

Indiana Code section 29-1-10-15 allows for the appointment of a special administrator "to perform particular acts." *Estate of Sandefur*, 685 N.E.2d 719, 724 (Ind. Ct. App. 1997); *see also* Ind. Code § 29-1-7-4(a) (any interested person may petition court for appointment of administrator for estate of person who died without will). A personal representative may be appointed for the specific purpose of prosecuting an action. *Sandefur*, 685 N.E.2d at 724. It is without dispute that Myers was aware when he filed his

8

complaint that Deets was deceased, and he makes no claim that in some way he was prevented from opening an estate. It simply was not and has not been done. The fact that Myers is proceeding *pro se* does not excuse his failure to follow the requirements of Indiana law. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*. "One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish." *Id.* The trial court properly granted Deets's motion to dismiss.

As a corollary argument, Myers claims that, by granting Deets's motion to dismiss, the trial court violated his rights to equal protection of the law and due course of law under Sections 12 and 23 of the Indiana Constitution. Other than reciting constitutional law excerpts, and alleging that the trial court continuously granted the "frivolous pleadings of [his] opponents, Myers does not make any specific argument to explain in what way his constitutional rights were violated. *Appellant's Br.* at 13. Accordingly, we find his argument in this regard is waived. Ind. Appellate Rule 46(A)(8).

The trial court did no err in granting Deets's motion to dismiss.

## II. Great American's Motion for Summary Judgment

Myers's complaint against Great American was based solely on the theory that Deets held professional liability insurance through Great American at the time of the alleged representation at issue, September 2004 through February 2005. Deets's complaint sought a declaratory judgment determining Great American's insurance policy covered Myer's claim. Great American moved for, and was granted, summary judgment.

Our standard of review for a trial court's grant of a motion for summary judgment is well settled. We review the grant or denial of summary judgment under the same standard as a trial court:

> Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

*Argonaut Ins. Co. v. Jones*, 953 N.E.2d 608, 613-14 (Ind. Ct. App. 2011) (quoting *Dreaded, Inc. v. St. Paul Guardian Ins. Co*., 904 N.E.2d 1267, 1269-70 (Ind. 2009)), *trans. denied*. A trial court's decision on summary judgment is cloaked in a presumption of validity. *Id*. We may affirm on any legal theory that is supported by the evidence, and the appellant bears the burden of persuading this court that summary judgment was erroneous. *Id*. However, we carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Morgan v. Tackitt Ins. Agency, Inc*., 852 N.E.2d 994, 999 (Ind. Ct. App. 2006), *trans. denied*.

Here, Great American filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law for three reasons, and in support thereof, it designated evidence, including two insurance policies. Great American first asserted that it provided professional liability coverage to the Law Firm under Policy No. 665-45-78 for the period of March 19, 2002 to March 19, 2003. Then, after the Law Firm disbanded,

10

Great American provided professional liability coverage to Deets under Policy No. 665-47-00 for the period of March 20, 2003 to March 20, 2004. Great American did not insure the Law Firm or Deets after Deets's policy expired on March 20, 2004.

Second, Great American argued that it was entitled to summary judgment because its designated evidence established that both of the above-named policies were "claims made" policies, meaning that the policy is limited to liability for only those "claims first made against the insured during the policy period and reported to [Great American] during the policy period." *Appellant's App*. at 91, 108. Thus, under the terms of the policies, any claim must have been made against the insured (i.e., Deets) during the policy period and reported to Great American during the policy period. In this case, Great American first received notice of Myers's claim in March 2010, which was six years after Deets's policy with Great American had expired. *Id*. at 66, 79.

Third, Great American asserted it was entitled to judgment as a matter of law because its designated insurance policies excluded coverage for intentional acts, and Myers's complaint alleged that Deets had committed fraud, constructive fraud, and attorney deceit by failing to return unused retainer monies. Because all of Deets's alleged acts were intentional, Great American asserted that, *even if* there had been coverage in effect at the time, the claims would have been excluded from coverage.

The trial court found, and we agree, that Great American satisfied its burden of making a prima facie showing, through properly designated evidence, that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Myers requested and received an extension of time to file a response, in order for him to

11

obtain discovery of Deets's tax information which he argued would reveal whether Deets claimed a tax deduction for legal malpractice insurance. He ultimately filed a response to Great American's motion for summary judgment relying on prior briefing on discovery matters, where he alleged that Great American falsely denied that it covered Deets at the time of the claimed fraudulent attorney deceit. He designated no evidence.[7]

The nonmoving party may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing that there is a genuine issue in dispute. Ind. Trial Rule 56(C); *Cortez v. Jo-Ann Stores, Inc*., 827 N.E.2d 1223, 1230 (Ind. Ct. App. 2005) (nonmoving party may not simply rest on pleading and must designate evidence to trial court). Mere contentions that an issue of fact exists are insufficient to raise a factual issue. *See, e.g., Conard v. Waugh*, 474 N.E.2d 130, 136 (Ind. Ct. App. 1985). A fact is "material" if its resolution would affect the outcome of the case. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009); *PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705, 713 (Ind. Ct. App. 2004) (for summary judgment purposes, fact is "material" if it bears on ultimate resolution of relevant issues), *trans. denied*. An issue is "genuine" if a trier of fact is required to resolve the parties' differing accounts of the truth or if the undisputed material facts support conflicting reasonable inferences. *Williams*, 914 N.E.2d at 761.

---

[7] Some of Myers's "prior pleadings" refer to other exhibits, including an affidavit of Kennedy, a document from Tippecanoe County Assessor's office, and several letters and emails. Great American argues, and we agree, "none of these documents raises any issue … as to whether Great American covered Mr. Deets at the time he represented Mr. Myers." *Appellee Great American's Br*. at 12.

Here, the uncontradicted evidence before the trial court was that Great American provided no coverage to Deets (or the Law Firm) during the period of time in which Myers alleges he was defrauded by Deets. The Law Firm's policy and Deets's policy both had expired by the time Deets began representation of Myers in September 2004; it would have been impossible, then, for any claim resulting from that representation to have been made during the policy period of either policy, as required by the claims-made policies. Myers did not "come forward with contrary evidence" showing a triable issue for the jury. *Williams*, 914 N.E.2d at 762 (citing *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)). The trial court did not err in granting summary judgment to Great American.

As he claimed with regard to Deets's motion to dismiss, Myers argues that, by granting summary judgment to Great American, the trial court violated his rights to equal protection of the law and due course of law under Sections 12 and 23 of the Indiana Constitution. As Great American asserts, "Myers fails to present cogent argument of legal authority that would substantiate this bare allegation, and thus, he has waived the issue." *Appellee Great American's Br*. at 17. We agree.

The gist of Myers's argument is that the trial court's decision to grant summary judgment in favor of Great American denied him access to discovery, in particular Deets's social security number, which he sought in order to conduct further discovery on his suspicion that Great American was hiding something or was being untruthful. The management of discovery under Indiana's trial rules is within the sound discretion of the trial court. *White-Rodgers v. Kindle*, 925 N.E.2d 406, 411 (Ind. Ct. App. 2010) (trial court

has broad discretion in ruling on issues of discovery). We note that Myers was given at least one extension of time to file his response to Great American's motion for summary judgment when, in August 2012, the trial court granted Myers's request and ordered the IRS and the Indiana Department of Revenue to submit responsive documents for the trial court's *in camera* inspection, to determine whether the documents reflected any expenditure by Deets that would indicate coverage by Great American or any other insurer. In October 2012, Great American asked the trial court to order Myers to respond to its motion for summary judgment; in February 2013, the trial court ordered Myers to file his response within thirty days. Myers filed a response in October 2013, relying on prior pleadings to purportedly create a genuine issue of fact precluding summary judgment. We find that Myers was given a fair and full opportunity to respond to Great American's motion for summary judgment.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.